Craig REES, Plaintiff and Appellant,

v.

ALBERTSON'S, INC., Defendant and Respondent.

No. 15527.

Supreme Court of Utah.

Nov. 2, 1978.

---

CROCKETT, Justice:

Recovery is sought for plaintiff against defendant Albertson's, Inc., for contribution for $54,742.50 which has been paid on his behalf in satisfaction of claims against him [1] arising from an automobile accident in which two of his passengers were killed and another seriously injured.

The claim for contribution is based upon the contention that the defendant unlawfully and negligently sold beer to the minor plaintiff, which caused him to become intoxicated and was thus a contributing factor to the accident of concern herein. Upon the basis of the pleadings, affidavits and submissions (after interim proceedings referred to below), the court granted defendant's motion for summary judgment. Plaintiff appeals.

On the morning of September 3, 1974, the plaintiff (who was then 18 years old) and his companion Daryl McGehee, after having worked a graveyard shift, purchased a six-pack of beer. At about 9:00 a. m. they picked up two teenage friends, Jesse Andrews and Ricky Harris. The plaintiff drove them to the defendant's store in Logan, where the plaintiff bought four more six-packs of beer. The young men then went to a liquor store where the plaintiff bought a fifth of liquor, and proceeded to drive to Bear Lake. During the trip, there was mixing of the beer with liquors to make and drink "boilermakers"; and they later purchased at least one more six-pack of beer. On the way back through Logan Canyon that afternoon about 2:00 p. m., the defendant lost control of his car and it left the road and hit a tree. Andrews and McGehee were killed and Harris was injured.

Considerable tempest has been engendered in this case because the trial court first denied a motion for summary judgment made by the defendant, but upon subsequent proceedings decided to vacate that order, then reconsidered and granted

J. Kent Holland of Hanson, Russon, Hanson & Dunn, Salt Lake City, for plaintiff and appellant.

Stephan G. Morgan, Salt Lake City, for defendant and respondent.

1. As permitted by Sec. 78–27–39, U.C.A.1953.

defendant's motion. It would serve no useful purpose to go into any extended detail as to the proceedings. It is sufficient to say that it is the unquestioned prerogative of the court, either upon its own motion, or upon the application of a party, to change or correct any order which it judges to have been entered by "mistake, inadvertence, surprise, or excusable neglect" as provided by Rule 60(b), U.R.C.P. when it acts timely and within the provisions of that rule. The actions of the court were within that prerogative.[2]

The issue of real concern is whether the court was justified in granting defendant's motion for summary judgment. The gravamen of defendant's motion, and its position on this appeal, is that even assuming that the defendant did knowingly sell beer to the minor plaintiff,

> . . . there is no evidence and none can be produced which would show a causal relationship between Plaintiff's alleged purchases of the beer from Defendant and Plaintiff's intoxication . . . .

In support of its position, defendant relies upon an affidavit of Newell G. Knight, who gives his credentials as a State Technical Supervisor of alcohol-breath testing with extensive experience and knowledge concerning the effects of the consumption of alcoholic beverages. In his affidavit, Mr. Knight states:

> . . . *it is my opinion that there is no way in which it is possible to calculate the amount of intoxication, if any, that could have resulted from the beer purchased from Albertson's Inc. In other words, . . . it would be impossible to determine whether or not the beer purchased from Albertson's was a proximate cause of Plaintiff's intoxication at the time of the accident in question.*

As opposed to the foregoing, the plaintiff relies upon an affidavit of Stewart C. Harvey, a professor of pharmacology at the University of Utah which stated:

> . . . *it is my opinion that it is possible to determine that the alcohol from the beer purchased from Albertson's and consumed by plaintiff Rees was still in Mr. Rees' system at the time of the accident in question and therefore would contribute to plaintiff's intoxication at the time of the accident in question.* [All emphasis added.]

In justification of its summary judgment, defendant urges that notwithstanding the averments of Professor Harvey that it could be shown that plaintiff consumed some of its beer, it would be impossible to tell how much and to what extent it caused plaintiff to become intoxicated; and more importantly, that it was a causative factor in the tragic accident.

The rejoinder to this, on plaintiff's behalf, is that even if it cannot be determined exactly how much of defendant's beer contributed to his intoxication, from the brand names on empty cans in plaintiff's car, it could reasonably be believed that a substantial portion thereof combined with other liquors to cause plaintiff's intoxication, and that defendant could therefore be deemed to have contributed in causing the accident. By way of analogy, consider the often referred to "three martini lunch." Suppose each of three persons gives the subject one martini, and further, that three produced intoxication. It would neither be fair nor just to permit each of the three donors to escape responsibility by separately claiming that his martini did not cause the intoxication, when the fact would be that they combined to do so. Upon this basis it is urged that, notwithstanding whatever his own negligence and responsibility may be, under our statute which now permits contribution by joint tort feasors,[3] the plaintiff is entitled to have a determination made as to his claim of defendant's negligence and responsibility.

---

**2.** See 60 C.J.S. Motions & Orders § 62(1); *Meagher v. Equity Oil Co.,* 5 Utah 2d 196, 299 P.2d 827 (1956); *Drury v. Lunceford,* 18 Utah 2d 74, 415 P.2d 662 (1966). That an order entered prematurely may be set aside upon the proper showing, see *Luke v. Coleman,* 38 Utah 383, 113 P. 1023 (1911).

**3.** See footnote 1, supra.

We recognize of course that there is the further serious problem as to whether, even if it be shown that Albertson's was guilty of improper conduct in selling the beer, they should reasonably have foreseen that the plaintiff might become intoxicated and as a consequence become involved in an accident. What is necessary to meet the test of negligence and proximate cause is that it be reasonably foreseeable, not that the particular accident would occur, but only that there is a likelihood of an occurrence of the same general nature.[4] In that connection, it is to be had in mind that the jury is entitled to base its judgment, not only upon the facts shown, but to indulge such reasonable inferences as may be fairly drawn therefrom.[5] Considered in that light, we think reasonable minds could believe that in selling beer to a minor, such as plaintiff, the defendant reasonably should have foreseen the likelihood of it being combined with an automobile and result in some occurrence such as eventuated here.

To be considered in connection with what has been said above are these principles: that the questions relating to negligence and proximate cause are generally for the fact-trier, court or jury, to determine.[6] A party should not be deprived of the privilege of having such an adjudication of his claims unless it appears that even upon the facts claimed by him he could not establish a basis for recovery.[7] Moreover, when there is doubt about the matter, it should be resolved in favor of permitting the party to go to trial.[8]

In consequence of the facts as contended by the plaintiff and the principles of law applicable thereto as discussed herein, it is our conclusion that the summary judgment was improperly granted and that this case should be remanded for further proceedings. Costs to plaintiff (appellant).

ELLETT, C. J., and WILKINS, MAUGHAN and HALL, JJ., concur.

4. *Glenn v. Gibbons & Reed Co.*, 1 Utah 2d 308, 265 P.2d 1013 (1954).

5. See *State v. Peterson*, 22 Utah 2d 377, 453 P.2d 696 (1969).

6. *State v. Standard Oil Co.*, 3 Ariz.App. 389, 414 P.2d 992 (1966); *Duchesneau v. Silver Bow County*, 158 Mont. 369, 492 P.2d 926 (1971); *LaPlante v. State*, 85 Wash.2d 154, 531 P.2d 299 (1975).

7. See *Richards v. Anderson*, 9 Utah 2d 71, 337 P.2d 59 (1959); *Holbrook Co. v. Adams*, Utah, 542 P.2d 191 (1975).

8. *Butler v. Sports Haven International*, Utah, 563 P.2d 1245 (1977).