216 N.J. Super. 202 (1987)
523 A.2d 269
RONALD B. THOMPSON AND EVA N. THOMPSON, PLAINTIFFS-APPELLANTS,
v.
VICTOR'S LIQUOR STORE, INC., A NEW JERSEY CORP. T/A VICTOR'S LIQUOR STORE, JOHN DOE, (AGENT, EMPLOYEE, AND/OR SERVANT OF VICTOR'S LIQUOR STORE) AND JOHN ROE, (AGENT, EMPLOYEE, SUPERVISOR AND/OR MANAGER OF VICTOR'S LIQUOR STORE, INC.) JOINTLY, SEVERALLY, AND/OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 19, 1987.
Decided March 26, 1987.
*203 Before Judges FURMAN, DREIER and STERN.
Falciani & Fletcher, attorneys for appellants (Angelo John Falciani, on the brief).
Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys for respondent (Richard S. Ranieri, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiffs Ronald B. Thompson, a minor, and Eva N. Thompson were the driver and owner, respectively, of an automobile involved in a one car accident. They appeal from a summary *204 judgment granted by the Law Division dismissing their claims against defendant Victor's Liquor Store Inc., an employee of which sold liquor and beer to James Mullins, also a minor.
The facts of this case are relatively simple, and will be viewed giving plaintiffs the benefit of all facts reasonably inferable from the affidavits and other proofs submitted to the trial judge. R. 4:46-2; 4:46-5(a); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). On September 13, 1983 at approximately 11:00 a.m., plaintiff Ronald B. Thompson and two other minor friends, James Mullins and John Platanella, drove to Victor's Liquor Store in Mays Landing in a car driven by Mullins. They parked on the side of the building out of the view of any occupant of the store. Mullins, then 18 (the legal age for the purchase or consumption of alcoholic beverages was then 19), entered the store and purchased one pint of Yukon Jack Whiskey and two six-packs of 12-ounce cans of Old Milwaukee beer[1]. Mullins stated that the person who served him was an elderly woman and that he was not asked for proof of his age. The boys then drove to a wooded area and started drinking. They split the whiskey three ways and drank some of the beer. They then went to the apartment of Platanella's brother, who was not at home, and continued to drink. Later Mullins left the other two boys and went home.
At approximately 3 p.m., between three and five hours after the purchase, plaintiff, with Platanella and Platanella's girlfriend as passengers in the front seat of his mother's car, drove to Absecon to speak to plaintiff's employer. According to the depositions of all three occupants, it was raining very hard and plaintiff, travelling at between 40 and 50 miles per hour attempted to pass a vehicle. When returning to the right lane he allegedly hit a mud puddle and, notwithstanding plaintiff's application of his brakes and attempt to pull to the left, his car *205 continued to travel right and collided with a brick wall. At the time of the accident plaintiff was wearing an air cast on his right ankle for an injury he had sustained the previous week while playing basketball. After the accident there was no breathalyzer or other blood alcohol test performed.
Plaintiff maintains that at the time of the accident he was still intoxicated from the one-third of a pint of whiskey and two to three 12-ounce cans of beer he had consumed earlier[2]. The trial judge granted summary judgment to defendants on the basis that liability in this case would exceed that authorized by Rappaport v. Nichols, 31 N.J. 188 (1959), in that it was not reasonably foreseeable that an underage purchaser of liquor would "give it to somebody else who in turn is going to get drunk and in turn is going to drive a car and go off the road." He viewed the theory of liability advanced by plaintiff to be one of "strict liability for the ultimate result ... of the sale of liquor if that sale happens to be illegal." We disagree with this disposition as a matter of summary judgment and reverse.
There is no question that Rappaport v. Nichols, supra, as well as the Alcoholic Beverage Control regulation, N.J.A.C. 13:2-23.1(a) prohibiting direct and indirect sales to minors,[3] provide a basis for liability had Mullins been the driver of the car at the time of the accident. We also observe that the *206 decided cases in this State have all involved the sale of drinks at a bar or tavern or at a private party, and, therefore, an issue may be raised whether the same rule should apply to the sale of liquor or beer from a package store. A sale to the minor is prohibited under all circumstances both by the Rappaport rule and N.J.A.C. 13:2-23.1(a). Therefore, a sale to a minor by a package-goods store or by the drink at a tavern should be subject to the same rule. Defendant does not suggest otherwise.
This case directly and principally raises the issue of foreseeability. We view the matter not as one of liability or exoneration depending solely upon who purchased the liquor and who drove the car. Rather we see possible responsibility as a continuum starting with evident responsibility and ending with a lack thereof. If Mullins purchased the beverages, immediately drank them to a state of intoxication and then drove the car, defendant's liability would be a foregone conclusion. If the beverages were purchased by Mullins, but the store owner could see that there were young people sitting in Mullins' car and then the beverages were immediately consumed by them with one of the other occupants driving, it clearly would not be unreasonable for a jury to determine that it was foreseeable that the purchaser would share the beverages with his friends. In effect, the purchase would have been by the group through Mullins, its agent[4]. The administrative regulation prohibits not only "direct" but also "indirect" sales. N.J.A.C. 13:2-23.1. Other factors in the foreseeability analysis are the quantity of alcohol purchased, the time of day, statements made at the time of purchase, and any other relevant circumstances of the sale.
At some point, however, the chain of proximate causation is broken, for it is no longer reasonably foreseeable that the accident would occur without the intervention of an unanticipated *207 act of a third party; nor is the situation any longer one of "the natural and probable consequences" of the original act. See Menth v. Breeze Corp. Inc., 4 N.J. 428, 441-442 (1950). Cf. Jensen v. Schooley's Mountain Inn, Inc., 216 N.J. Super. 79 (App.Div. 1987); Griesenbeck by Kuttner v. Walker, 199 N.J. Super. 132 (App.Div. 1985), certif. den. 101 N.J. 264 (1985). The actions of the third party can become sufficiently divorced from the initial sale of the beverage that legal responsibility should no longer be assessed. Where reasonable persons could differ, however, the issue is not one to be determined by the court; it must be left for the jury. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, supra, 17 N.J. at 74-75.
On remand, if defendant is to be held liable the jury must determine that the seller could reasonably foresee that the purchase by Mullins was for the consumption by one or more other minors and that there was no intervening efficient cause of the accident. But, with respect to Mullins' act of sharing the beverages, the possibility of such concurrent negligence does not absolve the package store if its conduct was also culpable[5]. As noted in Menth v. Breeze Corp. Inc., supra, and as quoted in Rappaport v. Nichols, 31 N.J. at 204-205:
A tort-feasor is not relieved from liability for his negligence by the intervention of the acts of third persons, including the act of a child, if those acts were reasonably foreseeable. The theory being that the original negligence continues and operates contemporaneously with an intervening act which might reasonably have been anticipated so that the negligence can be regarded as a concurrent cause of the injury inflicted.
We do not suggest that defendant can be strictly liable for the effect of the beverages wherever or whenever they may be consumed once they are sold to a minor. There must be some reasonable limitations placed upon such responsibility. Jensen v. Schooley's Mountain Inn, Inc., 216 N.J.Super at 82. In the case before us and at this early stage in the proceedings we initially discern the added element of the quantity *208 of beverages purchased. Certainly the pint of whiskey and two six-packs of beer were not a half gallon and a keg, which might have strongly indicated a teen party. But neither were they such a small quantity to indicate solitary consumption. There is, however, an additional inference which can be drawn from the immediate consumption of the beer, namely that it was taken from the seller's refrigerator, not the shelf; few people drink warm beer. Therefore, a jury could find that the seller should have reasonably anticipated that a purchase of 12 cold cans of beer and a pint of whiskey by a single young person would be for the immediate consumption by a group of young persons, rather than by only the purchaser. In short, there were sufficient factual issues arising from the circumstances of this case to warrant a jury's determination of the reasonable foreseeability of Mullins' immediate sharing of the beverages with other underage drinkers, including plaintiff. We reiterate that we reach this conclusion not from the fact of sale alone, but upon the need for a jury to appraise the totality of the circumstances.
The decision we reach today recognizing possible liability is in accordance with the weight of out-of-state authority. Compare Floyd v. Bartley, 727 P.2d 1109 (Colo. 1986); Reber v. Commonwealth, 516 A.2d 440 (Pa.Commonw.Ct. 1986); Morris v. Farley Enterprises Inc., 661 P.2d 167 (Alaska 1983); Brookins v. The Round Table, Inc., 624 S.W.2d 547 (Tenn. 1981); Munford, Inc. v. Peterson, 368 So.2d 213 (Miss. 1979); Davis v. Billy's Conteena, Inc., 284 Or. 351, 587 P.2d 75 (1978); Kvanli v. Village of Watson, 272 Minn. 481, 139 N.W.2d 275 (1965), and Davis v. Shiappacossee, 155 So.2d 365 (Fla. 1963), all upholding liability against package stores, with Maldonado v. Claud's Inc., 347 Mich. 395, 79 N.W.2d 847 (1956) (followed in Verdusco v. Miller, 138 Mich. App. 702, 360 N.W.2d 281 (Ct.App. 1984)); Keaton v. Kruger Co., 143 Ga. App. 23, 237 S.E.2d 443 (1977); Anderson v. Dale, 90 Ill. App.2d 332, 232 N.E.2d 767 (1967); and Fladeland v. Mayer, 102 N.W.2d 121 (N.D. 1960), all denying liability. And see Strang v. Cabrol, 37 Cal.3d 720, 209 Cal. Rptr. 347, 691 P.2d 1013 (1984), where liability was precluded *209 by a recent statute, and Van Cleave v. Kietz-Mill Minit Mart, 97 Nev. 414, 633 P.2d 1220 (1981), where the sale was to a remote minor-purchaser, there being two transfers unrelated to the sale. In some of the cases the circumstances clearly showed a sale to more than the immediate purchaser. Compare Davis v. Shiappacossee, supra; Brookins, supra; and Morris, supra, (upholding liability) with Keaton, supra, (denying liability).
In Davis v. Billy's Con-teena, Inc., kegs of beer were sold to minors for a fraternity party without requiring proof of age and were consumed not only by the purchasers but also by other minors, one of whom became intoxicated and operated a car which killed a person. In Morris, one of five minors purchased a fifth of Tequila and all five consumed the contents of the bottle. The driver of the car had also entered the liquor store but did not make the purchase. Several hours after the purchase, the group's car was involved in a motor vehicle accident resulting in the death of two of the teenagers. The court stated:
It was neither unforeseeable nor extraordinary that the youth who purchased liquor would share it with his companions and that an automobile accident caused by the companion's intoxication would result. [661 P.2d at 170].
In Floyd, a 17-year-old passenger in a vehicle purchased two six-packs of beer and shared the beer with two female friends as well as the 17-year-old driver who was later involved in an accident with the plaintiff. In Munford three six-packs of 14-ounce cans of beer were sold to three other 14-year-old friends of plaintiff, who individually went to defendant's store as the group's supply ran out. In Kavanli, the Minnesota Supreme Court, on facts similar to the case before us, stated:
The time elapsing between an illegal sale and consumption by a third person, or the occurrence of other intervening events, could make the relationship between the sale and the use too tenuous to permit a finding of causal relationship. But where, as here, the minor purchases a quantity of intoxicating liquor far in excess of that which he might reasonably be expected to consume himself; and where there is no evidence of facts which would cause the seller to believe the purchase to have been made for any purpose other than immediate consumption; and where, as here, the purchaser and his companions, also minors, *210 promptly consume a sufficient quantity of the liquor to become intoxicated (even though not on the premises and in view of the supplier), we believe the evidence sufficient to support a jury finding of a causal relationship between the circumstances of the illegal sale and the resulting intoxication. [139 N.W.2d at 278].
In most of these cases the courts determined that the original sale to a minor either would constitute negligence per se under the particular state's alcoholic beverage statute, or could not constitute negligence per se as the Legislature had limited the scope of the purveyor's liability.
Defendant argues that the out-of-state authorities stating a rule of per se negligence is foreign to New Jersey. Yet such is not the case. As noted in Buckley v. Estate of Pirolo, supra, our dram-shop rule is one of common-law, emanating from Rappaport v. Nichols. This rule parallels the dram-shop statutes in many other states. We know that a violation of most statutes and administrative regulations is merely evidence of negligence, thus we might consider that a violation of the Rappaport rule or of the administrative regulation be merely such evidence. But the violation of some statutes, when coinciding with established common-law principles of tort liability, has been considered "negligence" as opposed to just "evidence of negligence." See Dolson v. Anastasia, 55 N.J. 2, 10-11 (1969). Considering the treatment by the Supreme Court of the ramifications of the sale or service of alcoholic beverages to an intoxicated person or a minor in Rappaport v. Nichols and its progeny, it is fair to hold that such a sale is negligence per se. Therefore, the analysis we must make with respect to Rappaport is no different from the analysis of the courts in Floyd, Morris and Davis when interpreting their statutory rules. In fact, the Colorado Supreme Court in Largo Corp. v. Crespin, 727 P.2d 1098, 1101, 1109 (1986), a companion case to Floyd, supra, based its per se reasoning in part upon Rappaport v. Nichols.
The trial judge in this case did not reach the issue of plaintiff's comparative negligence, an issue rendered moot by *211 the summary judgment. But, on remand, there must be a limited analysis of plaintiff's actions and an application of the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq., relating to factors other than the drinking, notwithstanding the alcohol-related restrictions of Buckley v. Estate of Pirolo, 101 N.J. 68 (1985),[6] and Soronen v. Olde Milford Inn, Inc., 46 N.J. 582 (1966). In Soronen a tavern served a visibly intoxicated patron who was soon injured in an accident caused by his intoxicated state. As noted by Justice Handler in his concurring and dissenting opinion in Buckley, the court there did not retreat from its Soronen holding that
... a tavern may not avail itself of the defense of contributory negligence consisting of the voluntary intoxication by the patron when the tavern itself negligently caused the patron to become intoxicated. [101 N.J. at 83; emphasis in original].
But this is not a dram-shop case; the sale was to a different individual; and of necessity there was the intervention of plaintiff's decision to consume the beverages and then drive, a factor which could also be subject to the "voluntary intoxication" preclusion of Soronen. Both Rappaport and the administrative regulations draw no distinction between minors and those visibly intoxicated who are served or sold alcoholic beverages, since neither would appreciate the import of their actions in operating a motor vehicle when in an intoxicated state. In Soronen, the court cited with approval Galvin v. Jennings, 289 F.2d 15 (3rd Cir.1961), noting that when the Third Circuit held that contributory negligence of the intoxicated patron was not an issue in the case

*212 ... the court made reference to various statutory prohibitions which are designed to protect incompetents against the consequences of their incompetency and which would be defeated if contributory negligence were available as a defense. [46 N.J. at 591].
Similarly, it is the immaturity of the underage drinker that has caused the State to forbid sales to him. The law seeks to protect him and others on the road from the harm of his immature choice. We see no valid distinction between the preclusion of the contributory negligence defense in the case of the intoxicated patron and that of the underage purchaser. Each is protected by his State-recognized disability.
Although we note this authority for the benefit of the trial court on remand, we point out that even the absence of the contributory negligence of plaintiff's drinking does not rule out an inquiry into the manner of plaintiff's driving insofar as the question of causation is concerned. For example, if plaintiff were highly intoxicated yet had been hit while stopped at a stop sign, his intoxication would be irrelevant to his injuries. Likewise, if adequate proof supports such a finding, a jury could determine that plaintiff drove negligently and would have driven in the same manner as described here, passing cars at the speeds and under the road conditions indicated, whether he was inebriated or not. See Evid.R. 49. There should be no bar to the jury's consideration of plaintiff's manner of driving, since if it was unaffected by alcohol, the sale of alcohol to the minor would then not have been a substantial factor in causing the accident.
Based upon the foregoing, we determine that the issues in the case before us must be presented to the jury to resolve the various factual issues in this case, although not necessarily in the order stated. First, the jury must determine whether defendant was indeed intoxicated at the time of the accident. If so, the jury must next determine whether the intoxication was a proximate cause of the accident or conversely whether the accident was proximately caused only by independent factors. The jury must then determine whether the circumstances *213 of the sale warranted a reasonably prudent seller to anticipate that the alcohol would be shared by other underage drinkers. Lastly, the jury should resolve whether plaintiff's ingestion of the alcohol as a result of Mullins' distribution was an intervening efficient cause sufficiently separating the act of distribution from the accident to absolve defendant from responsibility or whether there should be concurrent liability. These are all jury questions which should not have been resolved on the motion for summary judgment.
This matter is remanded to the Law Division for further proceedings in accordance with this opinion.
NOTES
[1] Plaintiff's answers to interrogatories and deposition revealed two trips to the store, first to purchase the liquor and later to purchase the beer; however, the other boys remember only one purchase.
[2] At trial, a jury might weigh this claim against the statements of Platanella and his girlfriend that plaintiff's driving had not been erratic prior to the accident, nor had the girlfriend noticed any alcohol on either plaintiff's or Platanella's breath, although she was in close proximity to both Platanella and plaintiff. She further did not notice any liquor bottle or beer cans in the vehicle, although Platanella testified that he remembers having a can of beer in his hand when he and plaintiff picked her up.
[3] N.J.A.C. 13:2-23.1(a) provides that

No licensee shall sell, serve or deliver or allow, permit or suffer the sale, service or delivery of any alcoholic beverage, directly or indirectly, to any person under the legal age to purchase or consume alcoholic beverages....
A similar provision is applicable to direct and indirect sales to intoxicated persons. N.J.A.C. 13:2-23.1(b).
[4] This distinction is noted in some of the out-of-state cases, discussed infra.
[5] No claim was made against Mullins. Cf. Kelly v. Gwinnell, 96 N.J. 538 (1984).
[6] Buckley applies a contributory negligence rule akin to assumption of risk, i.e., that plaintiff unreasonably proceeded in the face of a known danger when analyzing the actions of passenger riding with an intoxicated pilot of an airplane. 101 N.J. at 80. The Buckley case involved allegations that the plaintiffs, passengers in the aircraft, may have been themselves intoxicated by reason of the tavern's having served them and, therefore, may not have appreciated the risk of flying with the inebriated pilot, or may not have been aware of the pilot's intoxication until the plane was airborne.