**Larry HORTON, Plaintiff and Appellant,**

v.

**The ROYAL ORDER OF THE SUN, a Utah non-profit corporation, and Studebaker's, a Utah non-profit corporation, Defendants and Appellees.**

No. 880490.

Supreme Court of Utah.

Dec. 4, 1991.

Kathryn Schuler Denholm, Salt Lake City, for Horton.

Lee Anne Walker, Salt Lake City, for Royal Order of the Sun.

Shawn Draney, Salt Lake City, for Studebaker's.

ZIMMERMAN, Justice:

Larry Horton brought suit against two private clubs, the Royal Order of the Sun ("the Sun") and Studebaker's, for personal injuries he sustained as a result of his voluntary intoxication. The district court granted defendants' motions to dismiss under Utah Rule of Civil Procedure 12(b)(6). Utah R.Civ.P. 12(b)(6). Horton appeals. He argues that the Dramshop Act, found in section 32A–14–101 of the Code, provides intoxicated persons who injure themselves a cause of action against the provider of the intoxicants. Utah Code Ann. § 32A–14–101 (1991). We hold that the Dramshop Act gives a cause of action to injured third parties, but not to the intoxicated person. Accordingly, we affirm the district court's order.

In deciding whether the trial court properly dismissed the action under rule

---

12(b)(6), we accept the factual allegations of the complaint as true and consider them and all reasonable inferences drawn therefrom in a light most favorable to plaintiff. *Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990); *Lowe v. Sorenson Research Co.*, 779 P.2d 668, 669 (Utah 1989). We state the facts in accordance with this principle. *Saint Benedict's Dev. Co. v. Saint Benedict's Hosp.*, 811 P.2d 194, 196 (Utah 1991). We will affirm the dismissal only if, as a matter of law, the plaintiff could not recover under the facts so alleged. *Lowe*, 779 P.2d at 669; *Arrow Indus. Inc. v. Zions First Nat'l Bank*, 767 P.2d 935, 936 (Utah 1988).

On May 21, 1987, Horton was a patron at Studebaker's. While there, he consumed a number of alcoholic beverages and became extremely intoxicated. Studebaker's employees continued to serve Horton despite his obvious and extreme intoxication. Horton left Studebaker's and went to the Sun. The Sun's employees, like Studebaker's, served alcoholic beverages to him despite his obvious and extreme intoxication. While at the Sun, Horton lost consciousness and fell, striking his head. As a result of his fall, Horton is permanently disabled, has incurred substantial medical expenses, and has suffered a loss of income.

Horton claims that Utah's Dramshop Act affords him a cause of action against the providers of the alcohol he consumed. The result he seeks is consistent with the rule in a minority of states, either as a result of statute or court decision. *See, e.g., Morris v. Farley Enter., Inc.*, 661 P.2d 167 (Alaska 1983); *Nally v. Blanford*, 291 S.W.2d 832 (Ky.1956); *Parrett v. Lebamoff*, 408 N.E.2d 1344 (Ind.Ct.App.1980). The contrary majority position does not allow an intoxicated person to recover from a provider of intoxicants. *See, e.g., Cory v. Shierloh*, 29 Cal.3d 430, 629 P.2d 8, 174 Cal.Rptr. 500 (1981); *Nolan v. Morelli*, 154 Conn. 432, 226 A.2d 383 (1967); *Wright v. Moffitt*, 437 A.2d 554 (Del.1981).

Because Horton's argument is founded on Utah's Dramshop Act, a disposition of his contentions must begin with an examination of the statute's language. Section 32A–14–101 provides:

(1) Any person who directly gives, sells, or otherwise provides liquor, or at a location allowing consumption on the premises, any alcoholic beverage, to the *following persons*, and by those actions causes the intoxication of that person, is liable for injuries in person, property, or means of support to *any third person*, or to the spouse, child, or parent of that *third person* resulting from the intoxication:

(a) any person under the age of 21 years;

(b) any person who is apparently under the influence of intoxicating alcoholic beverages or products or drugs;

(c) any person [who] the person furnishing the alcoholic beverages knew or should have known from the circumstances was under the influence of intoxicating alcoholic beverages or products or drugs. . . .

Utah Code Ann. § 32A–14–101 (1991) (emphasis added).

■ The general rule of statutory construction is that where the statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent. *Schurtz v. BMW of N. Am. Inc.*, 814 P.2d 1108, 1112 (Utah 1991); *Brinkerhoff v. Forsyth*, 779 P.2d 685, 686 (Utah 1989); *Allisen v. American Legion Post No. 134*, 763 P.2d 806, 809 (Utah 1988). Horton argues that under subsection (3) of the Dramshop Act, he "has a cause of action against the person who provided the alcoholic beverage" because he is "[a] person who suffer[ed] injury." Utah Code Ann. § 32A–14–101(3). However, this reading of the statute fails to recognize that subsection (3) is applicable only to those who fit within the category of persons described in subsection (1). Subsection (1) describes as eligible for recovery only third persons, not the intoxicated person.

■ Even if we were to view the statute as ambiguous and requiring resort to extrinsic aids for its interpretation, reference to the history of the Act and its amend-

ments reinforces the reading we give it. *See generally Schurtz v. BMW,* 814 P.2d at 1112–13. Prior to the enactment of the Dramshop Act, Utah common law allowed an intoxicated minor to recover against the provider of alcohol on the basis of the dramshop owner's negligence in providing the alcohol, but it did not give a right to recover based on common law dramshop principles. *Rees v. Albertson's, Inc.,* 587 P.2d 130, 133 (Utah 1978); *Yost v. State,* 640 P.2d 1044, 1046 (Utah 1981) (recognizing that without Dramshop Act, common law negligence was only basis for third-party recovery); *see also* Recent Developments, *Governmental Immunity from Dramshop Liability,* 1991 Utah L.Rev. 203.

In 1981, the legislature enacted Utah's Dramshop Act, which expressly provides that injured third persons can recover, on a strict liability basis, against a dramshop owner who provides alcohol to minors or intoxicated persons. There is no indication that the legislature intended to extend strict dramshop liability to the consumers of alcohol, although *Rees* did call attention to the status of consumers as possible plaintiffs.

Subsequent legislative action further supports our reading of the statute as not extending strict liability to the consumer of alcohol. In 1985, the legislature repealed and reenacted the Dramshop Act. It again amended the act in 1986. Neither time did the legislature suggest that it intended to extend strict liability to consumers. In *Beach v. University of Utah,* 726 P.2d 413, 417 (Utah 1986), we held that an underaged university student could not sue the university for injuries she sustained as a result of becoming intoxicated on a university-sponsored field trip. In affirming the trial court's denial of liability, we stated explicitly, albeit in dicta, that third persons may recover under the Dramshop Act for injuries suffered at the hands of the intoxicated person but that the Act does not give a cause of action in strict liability to the intoxicated person. *Id.* at n. 3.

After our statement in *Beach,* the legislature amended the statute in both 1989 and 1990. Had the legislature thought *Beach* at variance with legislative intent, it had ample opportunity to correct the statute. Its failure to do so further supports our reading of section 32A–14–101. *See Mountain States Tel. & Tel. Co. v. Salt Lake County,* 702 P.2d 113, 116 (Utah 1985); *see also Hackford v. Utah Power & Light Co.,* 740 P.2d 1281, 1284–85 (Utah 1987) (legislature is presumed aware of legal context in which it acts).

In summary, the plain language of the statute and its interpretative and amendment history indicate that only third parties have a cause of action against alcohol providers.

The trial court ruling dismissing Horton's claim is affirmed.

HALL, C.J., HOWE, Associate C.J., and STEWART and DURHAM, JJ., concur.