2000 UT 15

Larry T. MACKAY, individually, and as guardian ad litem of Shawna Mackay, and Mary Emma Mackay, individually, Plaintiff and Appellants,

v.

7–ELEVEN SALES CORP., a Utah corporation, dba 7–Eleven Food Stores, Douglas B. Hoyne, and the Southland Corp., Defendants and Appellees.

No. 980265.

Supreme Court of Utah.

Jan. 18, 2000.

Clark W. Sessions, Mark A. Larsen, Robert S. Campbell, Salt Lake City, for plaintiff.

Theodore E. Kanell, Salt Lake City, for defendants.

HOWE, Chief Justice:

¶ 1 Plaintiffs Larry T. Mackay, individually and as guardian ad litem of Shawna Mackay, and Mary Emma Mackay, individually, appeal from the trial court's grant of summary judgment dismissing their action against defendants 7–Eleven Sales Corp. and Southland Corp. (jointly "7–Eleven") to recover damages for injuries sustained by their minor daughter, Shawna Mackay, in a one car roll-over accident.

### FACTS

¶ 2 On June 21, 1991, nineteen-year-olds Kyle Peacock and Douglas Hoyne planned an outing in Big Cottonwood Canyon in Salt Lake County, Utah. In separate trucks, they picked up girlfriends Alecia Peacock and Shawna Mackay and then met at a nearby 7–Eleven convenience store. Peacock exited his truck, walked over to Hoyne's truck, and collected money from Mackay and Trista Marquez, another young woman who had joined them, before entering the store.

¶ 3 In the store, Peacock pulled two twelve-packs of beer from the store's cooler and took them to the cashier. The cashier asked him for identification, and he presented her with an eight and one-half by eleven

inch sheet of paper containing his name, social security number, address, and an inaccurate date of birth, all of which were typewritten on the paper along with the following: "The Above Said is Awaiting a Copy of Driver's License. Please Allow This as a Form of I.D." The cashier read the unsigned paper and then sold him the beer in violation of 7–Eleven's internal policies and its employee training program. Peacock made no representation that the information on the paper had been issued or approved by a governmental agency, and the cashier did not ask for any further identification.

¶ 4 Peacock placed the beer in Hoyne's truck, and the two drivers headed for Big Cottonwood Canyon. Peacock drove his truck with Alecia as a passenger. Hoyne drove his truck with plaintiffs' daughter, sixteen-year-old Mackay, and Marquez as passengers. Once in the canyon, the teenagers stopped at a picnic area where some of them smoked marijuana. They then went on a short hike, placed the beer in a stream to keep it cool, and later drank it. In approximately one hour, Hoyne consumed five beers.

¶ 5 At approximately 5 p.m., the teens returned to the trucks and drove down the canyon. Mackay and Marquez were again passengers in the truck driven by Hoyne. He attempted to pass a bicyclist and lost control of his vehicle, causing it to roll. Mackay was ejected from the truck. She sustained massive head injuries and trauma and will require life-long assistance. Two hours after the accident, Hoyne's blood alcohol content tested at .10%, which is .02% over the legal limit. *See* Utah Code Ann. § 41–6–44(1)(a)(i) (1991).

¶ 6 Plaintiffs, Mackay and her parents, brought this action against 7–Eleven alleging that it was negligent per se in selling alcohol to Peacock in violation of Utah Code Ann. § 32A–12–203 (1991) which prohibits selling alcohol to any person under the age of twenty-one.[1] Defendant 7–Eleven moved for summary judgment, contending that plaintiff has no cause of action at common law. The

trial court granted the motion for summary judgment and dismissed the case with prejudice, ruling as a matter of law that it was the consumption of alcohol by Hoyne, not the sale to Peacock, which proximately caused Mackay's injuries. Plaintiffs appeal from that judgment.

## ANALYSIS

¶ 7 When reviewing a grant of summary judgment, we accord no deference to the trial court's conclusions of law but review them for correctness. *See Krantz v. Holt,* 819 P.2d 352, 353 (Utah 1991). The trial court correctly concluded that the common law of the state does not, as a general rule, recognize a right of action by a third party against a seller of alcoholic beverages when the third party has suffered an injury at the hands of an intoxicated person who obtained the alcohol from the seller. *See Adkins v. Uncle Bart's Club,* 2000 UT 14, —— P.2d ——, 2000 WL 29572. However, as an exception to that general rule, this court has on two occasions recognized a right of action where the seller has negligently sold alcohol to an *underage* drinker in violation of Utah's statutory prohibition. In the first such case, *Rees v. Albertson's, Inc.,* 587 P.2d 130 (Utah 1978), the plaintiff sought contribution from the defendant seller of alcohol toward amounts paid by the plaintiff in satisfaction of claims against him arising from an automobile accident in which two of his passengers were killed and another seriously injured. The suit for contribution was based on the fact that defendant had unlawfully and negligently sold beer to the underage plaintiff, which caused him to become intoxicated and was thus a contributing factor to the accident. We reversed a summary judgment granted to the defendant and remanded the case for trial, holding that reasonable minds could believe that in selling beer to the underage plaintiff, the seller reasonably should have foreseen the likelihood that the underage purchaser might become intoxicated and

---

1. Plaintiffs' action is grounded in common law negligence because the dramshop act in effect at the time of the accident only applied to persons who provide alcoholic beverages "at a location allowing consumption on the premises." Utah Code Ann. § 32A–114–101(1) (1991). The cur-

rent dramshop act has been revised to explicitly state that the act does not apply to the retail sale of beer for off-premise consumption. Utah Code Ann. § 32–14–101(10) (1999). No issue has been raised as to statutory preemption.

then become involved in an automobile accident, such as the accident which in fact occurred. We held that there were fact questions to be resolved, including foreseeability and proximate cause, which made summary judgment improper.

¶ 8 In the second case, *Yost v. State,* 640 P.2d 1044 (Utah 1981), alcohol was again sold to an underage purchaser in violation of our statutory law. Some of the alcohol was consumed by the plaintiff who was also under age. The plaintiff was seriously injured when he was thrown out of the truck in which he was a passenger and which was driven by the underage purchaser. We affirmed a judgment in favor of the plaintiff against the vendors who unlawfully sold alcohol to the underage driver.

¶ 9 These two cases recognize a cause of action in favor of a third person against a vendor of alcohol who sells the same negligently and in violation of a statute to an underage purchaser, who becomes intoxicated and causes injury to the third person. The defendant, 7–Eleven, however, attempts to distinguish this case from *Rees* and *Yost* by noting the injury sustained by Mackay was not inflicted by Peacock, who was the underage purchaser of the alcohol, but by Hoyne, who was Peacock's friend and to whom Peacock had given some of the beer. Defendant 7–Eleven, relying on *Van Cleave v. Kietz–Mill Minit Mart,* 97 Nev. 414, 633 P.2d 1220 (1981), argues that "providing alcohol to one person who in turn provides it to a third person who becomes intoxicated and causes injury to yet a fourth individual is too remote to constitute proximate cause regardless of the circumstances under which the alcohol was originally provided." In that case, the defendant sold alcohol to Bill, an underage purchaser, who in turn supplied some of it to Newman, who in turn provided some of it to Thayer, who injured the plaintiff. The court held as a matter of law that the sale to the underage purchaser could not be the proximate cause of the plaintiff's injuries because there was no indication that the seller had any reason to foresee that the purchaser would deliver the alcohol to a second person who would deliver it to another who would consume it and operate his automobile and negligently injure the plaintiff.

¶ 10 We recognize that there is an added fact in the instant case that was not present in *Rees* or *Yost.* Because it was not the purchaser, Peacock, who injured Mackay but was Hoyne, another link must be added to the chain of causation to hold 7–Eleven liable. However, like in *Van Cleave* where the court stated that the seller had no reason to foresee that the purchaser might deliver the alcohol to another person, there is evidence that 7–Eleven might have reasonably foreseen that eventuality. Peacock purchased two twelve-packs of cold beer which would have exceeded any amount that he might consume himself in a short time, and also would have raised an inference that he intended to share the beer with others. *See Thompson v. Victor's Liquor Store, Inc.,* 216 N.J.Super. 202, 523 A.2d 269 (Ct.App.Div. 1987) (stating that inference can be drawn from minor's purchase of twelve cans of cold beer taken from the seller's refrigerator, not the shelf, and a pint of whiskey, that liquor would be consumed immediately by a group of young persons rather than only the purchaser).

¶ 11 This critical fact was determinative in *Kvanli v. Village of Watson,* 272 Minn. 481, 139 N.W.2d 275 (1965), where the plaintiff was injured when struck by a motor vehicle operated by Lee Lanes. Plaintiff sued the defendant village which operated a municipal liquor store, claiming that it illegally sold intoxicating liquor to Michael Preckel, a minor; that Preckel shared his purchase with Lanes, also a minor; and that the accident occurred because Lanes became intoxicated as a result. There was evidence that Preckel purchased twenty-four twelve-ounce bottles of beer under circumstances which should have indicated to the defendant seller that Preckel would share it with other underage companions. In holding that the illegal sale to Preckel could be found to be a proximate cause of the plaintiff's injuries, the court wrote:

> The time elapsing between an illegal sale and consumption by a third person, or the occurrence of other intervening events, could make the relationship between the sale and the use too tenuous to permit a finding of causal relationship. But where, as here, the minor purchases a quantity of

intoxicating liquor far in excess of that which he might reasonably be expected to consume himself; and where there is no evidence of facts which would cause the seller to believe the purchase to have been made for any purpose other than immediate consumption; and where, as here, the purchaser and his companions, also minors, promptly consume a sufficient quantity of the liquor to become intoxicated (even though not on the premises and in view of this supplier), we believe the evidence sufficient to support a jury finding of a causal relationship between the circumstances of the illegal sale and the resulting intoxication.

*Id.* at 278; *see also Thompson,* 523 A.2d at 272 (listing cases holding similarly).

▆▆▆ ¶ 12 Thus, notwithstanding the difference in facts from *Rees* and *Yost,* the trier of fact should determine whether the injury sustained by Mackay was foreseeable and proximately caused by the alleged negligent and unlawful sale of beer to Peacock. As we observed in *Rees,* when there is doubt about the existence of proximate cause and negligence, it should be resolved by allowing the case to go to trial. "[Q]uestions relating to negligence and proximate cause are generally for the fact-trier, court or jury, to determine." *Rees,* 587 P.2d at 133.

¶ 13 Judgment reversed and the case remanded for further proceedings.

¶ 14 Associate Chief Justice DURHAM and Justice STEWART concur in Chief Justice HOWE's opinion.

RUSSON, Justice, dissenting:

¶ 15 I respectfully dissent. I do not believe this case warrants any further extensions of the doctrine we announced in *Rees v. Albertson's, Inc.,* 587 P.2d 130, 133 (Utah 1978), and *Yost v. State,* 640 P.2d 1044, 1046 (Utah 1981). In both *Rees* and *Yost,* the minors who directly purchased the alcohol ultimately inflicted the injuries at issue. We held that, in that context, the question of whether it was foreseeable that a minor purchasing alcohol would become intoxicated and cause injury was for the jury to decide. *See Yost,* 640 P.2d at 1046; *Rees,* 587 P.2d at 133. Although the issue of causation of injuries related to a minor's purchase of alcohol may, as a general matter, be within the province of the jury, there is clearly a point where the cause of an injury simply becomes too remote and the chain of proximate causation is broken. When that point is reached, the trial court is justified in ruling that, as a matter of law, the injury was not a reasonably foreseeable consequence of the sale of alcohol. This remains true as a fundamental principle of the common law even in cases where the sale was in violation of state law.

¶ 16 I believe we must draw the line at the point where a person who has purchased alcohol, either legally or illegally, passes that alcohol to other persons. Except in circumstances where it should be obvious that a purchase will be immediately shared by a group of minors who are present at the time of purchase, the assumption as to whether and with whom a single individual will share alcohol becomes too speculative to warrant a finding of proximate cause. *See Van Cleave v. Kietz–Mill Minit Mart,* 97 Nev. 414, 633 P.2d 1220, 1221–22 (1981) (even where initial sale was to minor, foreseeability of subsequent distributions eventually leading to accident was too attenuated to warrant finding of proximate cause); *cf. Foster v. Purdue Univ.,* 567 N.E.2d 865, 869 (Ind.Ct.App.1991) (deliverer of kegs to fraternity party had no common law duty to protect minors who attended party).[1]

¶ 17 Here the evidence on summary judgment failed to demonstrate that the store clerk should have foreseen that Kyle Peacock would share his purchase with another minor, Doug Hoyne, and that Doug Hoyne would become intoxicated, thereby injuring another person, Shawna MacKay. The relevant and undisputed facts show that Peacock briefly visited Hoyne's vehicle outside the

---

1. Although I recognize there is contrary authority on this question, *see, e.g., Thompson v. Victor's Liquor Store, Inc.,* 216 N.J.Super. 202, 523 A.2d 269, 271–72 (Ct.App.Div.1987) (ruling on facts nearly identical to this case that issue of proximate cause may go to jury), I do not believe that authority is well reasoned. It virtually creates a common law rule of strict liability for any sales of alcohol in violation of statute. *See Espey v. Convenience Marketers, Inc.,* 578 So.2d 1221, 1232 (Ala.1991).

store and then entered the store alone. All three persons in Hoyne's vehicle remained in that vehicle while Peacock bought the beer. Hoyne's girlfriend, who had accompanied him in his own truck, went into the store after him, but they took no actions to acknowledge each other inside the store. There is no evidence that the store clerk did see, or should have seen, a group of minors pooling money to buy beer. The store clerk has in fact denied ever making the sale at all, and the driver of the vehicle involved in the accident, Doug Hoyne, stated in his deposition that he intentionally placed his vehicle in a location where the store clerk could not see him.[2] Under these facts, I do not believe the question of foreseeability should go to the jury. Summary judgment was proper. I would affirm.

¶ 18 Justice ZIMMERMAN concurs in Justice RUSSON's opinion.

---

2. Peacock did state that he believed Hoyne had parked in a spot where the store clerk could see him, but he offered no testimony about whether he was personally able to see Hoyne's vehicle from inside the store. In short, what little evidence was offered on this issue in response to the summary judgment motion fell far short of that necessary to create an issue of controverted fact as to whether the store clerk did see, or should have seen, the group of minors conferring outside of the store before Peacock purchased the beer.