**2018 UT App 158**

# THE UTAH COURT OF APPEALS

IN THE MATTER OF THE ESTATE OF JOYCE LUTZ MORRIS

MARK L. MORRIS AND DIANE MORRIS,
Appellants,
*v.*
CAROLYN PERKINS, H. CONWEY MORRIS, PAUL MORRIS
AND JOYCE MORRIS,
Appellees.

Per Curiam Opinion
No. 20170330-CA
Filed August 23, 2018

Second District Court, Ogden Department
The Honorable W. Brent West
No. 123900002

Richard H. Reeve, Attorney for Appellants

Jack C. Helgesen and Erik S. Helgesen, Attorneys
for Appellees

Before JUDGES DAVID N. MORTENSEN, JILL M. POHLMAN, and
RYAN M. HARRIS.

PER CURIAM:

¶1 Mark L. Morris, individually and as personal representative of the Estate of Joyce Lutz Morris, appeals the district court's order denying his request for attorney fees.[1]

¶2 Morris initially argues that the district court erred by failing to order the estate to reimburse him for attorney fees

---

1. Diane Morris was included in the notice of appeal; however, all issues raised in this appeal concern only Mark L. Morris.

incurred in defending the claims brought by his siblings. While Morris is correct that Utah Code section 75-3-719[2] allows a personal representative of an estate to recover *from the estate* all necessary expenses, including attorney fees, incurred in defending or prosecuting any matter in good faith, Morris never requested such fees from the estate. As a result, the district court never ruled on the issue. In his motion for attorney fees, Morris specifically requested attorney fees from his siblings (who initiated the action against him), claiming that the estate had insufficient funds to reimburse him for the attorney fees he incurred. "[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968. For a trial court to be afforded an opportunity to correct the error, "(1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) the challenging party must introduce supporting evidence or relevant legal authority." *Id.* (quotation simplified). Issues that are not raised at trial are usually deemed waived. *Id.* Here, Morris never raised the question of whether he should be reimbursed for attorney fees from the estate because his motion specifically requested that his siblings be required to pay his attorney fees. Accordingly, Morris did not preserve the issue for appeal. Further, he has failed to argue that any exception to the

---

2. Utah Code section 75-3-719 states: "If any personal representative or person nominated as personal representative defends or prosecutes any proceeding in good faith, whether successful or not, the personal representative is entitled to receive from the estate all necessary expenses and disbursements, including reasonable attorney fees incurred." Utah Code Ann. § 75-3-719 (LexisNexis Supp. 2017).

preservation requirement, such as plain error, applies.[3] We, therefore, do not address the issue.

¶3　Morris next argues that the district court erred in failing to order that his siblings be required to reimburse him for attorney fees incurred in defending himself against the claims asserted by the siblings. Morris concedes on appeal that Utah Code section 75-3-719 is limited in its plain language to reimbursement of attorney fees from the estate, not others. However, Morris requests that we look beyond the plain language of the statute to its supposed purpose, which Morris opines is to "protect personal representatives from the burden of paying, from their own pocket, for the prosecution of claims or the defense against claims on behalf of the decedent's estate." "'[W]here the statutory language is plain and unambiguous, we do not look beyond the language's plain meaning to divine legislative intent.'" *State v. Tryba*, 2000 UT App 230, ¶ 13, 8 P.3d 274 (quoting *Horton v. Royal Order of the Sun*, 821 P.2d 1167, 1168 (Utah 1991)). "Only when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations." *Nelson v. Salt Lake County*, 905 P.2d 872, 875 (Utah 1995) (quotation simplified). Because the language of Utah Code section 75-3-719, by Morris's own admission, is not ambiguous, there is no need for this court to look beyond the plain language of the statute to determine the legislature's intent. Further, Morris does not allege that a literal reading of the statute creates an "absurd, unreasonable, or inoperable result." *State v. Jeffries*, 2009 UT 57, ¶ 8, 217 P.3d 265 ("Where a statute's plain language creates an absurd,

---

3. In their brief, the siblings acknowledge that Morris is entitled to reimbursement of attorney fees from the estate and note that Morris, as personal representative of the estate, may pay the fees without the express order of the district court.

unreasonable, or inoperable result, we assume the legislature did not intend that result. To avoid an absurd result, we endeavor to discover the underlying legislative intent and interpret the statute accordingly."). Accordingly, the district court correctly concluded that Utah Code section 75-3-719 did not allow for the imposition of an attorney fees award against the siblings.

¶4　　Affirmed.

―――――――