Helen OLSEN, Plaintiff and Appellant,

v.

BOARD OF EDUCATION OF the GRANITE SCHOOL DISTRICT, a Statutory Corporation, and P. B. Enterprises, Inc., a corporation, Defendants and Respondents.

No. 14857.

Supreme Court of Utah.

Nov. 7, 1977.

W. C. Lamoreaux, Grant C. Aadnesen, Salt Lake City, for plaintiff-appellant.

M. Byron Fisher, of Fabian & Clendenin, Robert L. Harrington, of Beasley, Nygaard, Coke & Vincent, Salt Lake City, for defendants-respondents.

HALL, Justice:

This is an appeal from summary judgment of dismissal entered in the District Court of Salt Lake County wherein plaintiff, hereinafter referred to as "Olsen," sought to have the condemnation of 1.3 acres of land by Granite School District, hereinafter referred to as "Granite," declared void or voidable on the grounds that fee simple title was not obtained, that P. B. Enterprises, hereinafter referred to as "Enterprises," did not acquire title from Granite, and that because of non-user and abandonment the land reverted to her.

In June, 1964, Granite initiated a proceeding in eminent domain for the purpose of acquiring certain real property for the construction of school buildings. The pleadings framed the issue of necessity of the taking and Olsen contested that issue at the hearing on immediate occupancy[1] and also presented evidence at the time of trial disputing the necessity of the taking. At the conclusion of the trial the court made no specific finding of fact on the issue of necessity, but did make general findings of fact and conclusions of law in support of its judgment of August 15, 1966, which decreed Granite to be the owner of the property. No further proceedings were had and the judgment was never appealed from. The property was not utilized for buildings and in November, 1973, Granite declared it surplus and sold it by bid to Enterprises.

The focal point of this appeal is the applicability of the doctrine of res judicata to the condemnation judgment entered in 1966.

The principles of res judicata apply to judgments in condemnation proceedings as to matters therein litigated.[2] Just as with the rules governing the application

---

1. U.C.A.1953, 78–34–9, sets forth the procedure to acquire occupancy pending action.

2. 30 C.J.S. Eminent Domain §§ 328, 414.

of the doctrine of res judicata to judgments generally,[3] the parties thereto are concluded as to all matters that were put in issue, or might have been put in issue, or were necessarily implied in the decision, such as the right to condemn and the necessity thereof.[4] The doctrine renders a final judgment, on the merits, by a court of competent jurisdiction, conclusive upon the parties and is a bar to subsequent litigation of the same issues.

■ The general rule of law is that a judgment may not be drawn in question in a collateral proceeding and an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of a claim in a subsequent proceeding.[5]

The Restatement of Judgments (1942) Section 11, Comment A, defines a collateral attack as follows:

> Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or revised or modified or by a proceeding in equity to prevent its enforcement, the attack is a "Collateral Attack."

■ A judgment may not be impeached in collateral proceedings, by a party or privy to it, for fraud, collusion or false testimony.[6] This rule is particularly applicable when the fraud was actually tried in the original proceedings or so involved that it might have been tried.

■ Applying the foregoing principles to the assertions of error it becomes readily obvious that each of the areas of claimed error were actually, or could have been dealt with at the trial some ten years ago. Specifically, in regard to the issue of necessity for the taking, Olsen acknowledges Granite presented evidence thereon, and if that issue was erroneously decided it is immaterial since it was not challenged in that proceeding.[7] Even conceding that the conduct of Granite constituted fraud, the judgment is not subject to collateral attack, the proper remedy being to directly attack it.[8]

■ As to the challenge to the findings and judgment it is also a general rule of law that they may not be drawn in question in a collateral proceeding.[9] Olsen's original claim of lack of need for the taking was extinguished by its merger into the valid and final judgment causing it to lose its character and identity.[10] While Olsen cites cases in support of reversals in cases where findings and judgments were irregular or in error, such have no applicability here since they involved direct attacks thereon and are not of the collateral type we are concerned with here.

■ Olsen's contention that the judgment failed to vest title by reason of the fact that the purpose for the taking was not set forth therein is inconsistent with the foregoing analysis of the law pertaining to collateral attacks. The record clearly reveals the taking was for school purposes which, incidentally, is the only purpose

---

3. *Belliston v. Texaco, Inc.*, Utah, 521 P.2d 379 (1974).

4. *Public Utility Dist. No. 1 of Chelan County v. Washington Water Power Co.*, 43 Wash.2d 639, 262 P.2d 976 (1953).

5. 46 Am.Jur.2d, Judgments, § 630.

6. 46 Am.Jur.2d, § 655.

7. *Intermill v. Nash*, 94 Utah 271, 75 P.2d 157 (1938).

8. *Tingwall v. King Hill Irrig. Dist.*, 66 Idaho 76, 155 P.2d 605 (1945).

9. 46 Am.Jur.2d, § 651.

10. *Yergensen v. Ford*, 16 Utah 2d 397, 402 P.2d 696 (1965).

which a school district can acquire property by eminent domain.[11]

■ The judgment decreed Granite to be the owner, that Olsen had no right, title or interest, and properly described the property. No challenge was made to the judgment, instead, Olsen acknowledged payment in full for the taking in her satisfaction of judgment filed and she cannot now be heard to challenge its validity.

■ The clear intent of the judgment was to pass a fee simple title and such is presumed by statute [12] in the absence of a contrary intent expressed in the conveyance. Where the fee is vested the property does not revert to its former owner when it ceases to be used for the purpose for which it was condemned.[13] The fee having passed, Olsen was divested of all right, title and interest and has no right of reversion. Consequently, the conveyance to Enterprises also effectively passed the fee, and having so concluded, it is immaterial that the property was never put to its intended use [14] nor may such be deemed to constitute abandonment under the facts of this case.

Affirmed. Costs to respondents.

ELLETT, C. J., and MAUGHAN, CROCKETT and WILKINS, JJ., concur.

---

11. U.C.A.1953, 78–34–1.

12. U.C.A.1953, 57–1–3.

13. 30 C.J.S., Eminent Domain, § 460; *Arechiga v. Housing Authority of City of Los Angeles,* 159 Cal.App.2d 657, 324 P.2d 973 (1958).

14. *Reichling v. Covington Lumber Co.,* 57 Wash. 225, 106 P. 777 (1910).