2005 UT App 80

**Allen D. MILLER and Beverley B. Miller, on behalf of the Estate of Robert Miller, deceased, Plaintiffs and Appellants,**

v.

**GASTRONOMY, INC., a Utah corporation, Defendant and Appellee.**

**No. 20040233–CA.**

Court of Appeals of Utah.

Feb. 25, 2005.

---

Heather M. Sneddon and Nathan B. Wilcox, Anderson & Karrenberg, Salt Lake City, for Appellants.

Robert L. Stevens, Richards Brandt Miller & Nelson, Salt Lake City, for Appellee.

Before BENCH, Associate Presiding Judge, DAVIS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

¶ 1 Plaintiffs Allen D. and Beverly B. Miller, parents of Robert Miller (Decedent), appeal the trial court's grant of Defendant Gastronomy, Inc.'s motion for judgment on the pleadings in Plaintiffs' wrongful death suit. We affirm.

## BACKGROUND [1]

¶ 2 On August 10, 2002, Decedent dined at the Market Street Grill, a Defendant-owned restaurant, where he consumed four glasses of wine in approximately forty minutes. Following his meal, Decedent went next door to the Market Street Oyster Bar, also a Defendant-owned restaurant, where Defendant's employees continued to serve Decedent wine. In total, Decedent consumed nine glasses of wine between approximately 3:04 pm and 5:18 pm; eight of those beverages were served within an hour and three-quarters. Furthermore, Decedent was visibly intoxicated while being served.

---

1. "Because we are reviewing a motion for judgment on the pleadings, this court accepts the factual allegations in the complaint as true; we then consider such allegations and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff." *Healthcare Servs. Group v. Utah Dep't of Health*, 2002 UT 5, ¶ 3, 40 P.3d 591 (quotations and citations omitted).

¶ 3 Roughly thirty minutes after leaving Defendant's premises, Decedent lost control of his car while driving up Parley's Canyon. Decedent died in the resulting single car accident. An autopsy revealed that Decedent's vitreous blood alcohol concentration was .22 grams.[2]

¶ 4 Plaintiffs later filed a wrongful death action against Defendant, alleging negligence and negligence per se. Defendant filed a motion for judgment on the pleadings. After oral argument, the trial court granted Defendant's motion, ruling that Plaintiffs' claim was preempted by the Alcoholic Beverage Liability Act (Dramshop Act), see Utah Code Ann. §§ 32A–14a–101 to –105 (2003),[3] and that "under common law there can be no claim against a liquor provider for a person who, as a result of his voluntary intoxication, injures himself or causes his own death." Thus, the trial court dismissed Plaintiffs' complaint with prejudice. Plaintiffs appeal.

## ISSUES AND STANDARD OF REVIEW

¶ 5 Plaintiffs raise three issues on appeal: (1) whether Utah recognizes a common-law cause of action by first parties against a dramshop for injuries stemming from the patron's voluntary intoxication; (2) whether, if such a cause of action exists, it is preempted by the Dramshop Act; and (3) whether a dramshop is negligent per se for violating the Alcoholic Beverage Control Act (ABCA), see Utah Code Ann. § 32A–12–204 (2003),[4] by serving alcohol to an intoxicated patron.

¶ 6 "The grant of a motion for judgment on the pleadings is reviewed under the same standard as the grant of a motion to dismiss, i.e., we affirm the grant of such a motion only if, as a matter of law, the plaintiff could not recover under the facts alleged." *Thimmes v. Utah State Univ.*, 2001 UT App 93, ¶ 4, 22 P.3d 257 (quotations and citation omitted). As all three issues present questions of law, we review for correctness. *See id.*

## ANALYSIS

### I. Common–Law Dramshop Liability

¶ 7 Plaintiffs, as Decedent's heirs, may recover under Utah's wrongful death act, see Utah Code Ann. § 78–11–7 (2002), if Decedent, had his injuries not proven fatal, could himself have recovered. *See Francis v. Southern Pac. Co.*, 162 F.2d 813, 816 (10th Cir.1947), aff'd, 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798 (1948). To wit, Plaintiffs contend that there exists at common law a first-party cause of action against dramshops for injuries sustained by the imbiber. Defendant counters that Utah courts have never recognized such an action, and that to do so would run counter to the rule espoused in the majority of jurisdictions.

¶ 8 Plaintiffs rely on *Rees v. Albertson's, Inc.*, 587 P.2d 130 (Utah 1978), and *Yost v. State*, 640 P.2d 1044 (Utah 1981), for the proposition that a first-party cause of action against a dramshop exists at common law.

¶ 9 In *Rees*, the plaintiff, a minor who purchased alcohol from the defendant grocery store for off-premises consumption, sued the defendant for contribution for a judgment against the plaintiff, stemming from a drunk driving accident in which the inebriated plaintiff, as driver, lost control of his car, killing two and injuring one of the passengers. *See* 587 P.2d at 131. The court reversed the trial court's grant of the defendant's motion for summary judgment, allowing the minor tortfeasor to pursue his claim for contribution from an alcohol provider. *See id.* at 132–33.

¶ 10 Next, in *Yost*, the Utah Supreme Court cited *Rees* and affirmed a trial court's ruling of liability of a vendor who negligently

---

2. Utah statutes proscribe operating a motor vehicle with "a blood or breath alcohol concentration of .08 grams or greater." Utah Code Ann. § 41–6–44(2)(a)(i) (1998).

3. Because the relevant sections of the Dramshop Act have not been amended since the accident, for convenience we cite to the most recent version of the statute.

4. Although this section was amended in 2003, the changes do not affect the outcome of the case at bar. *See* Utah Code Ann. § 32A–12–204 (2003). Therefore, for convenience, we refer to the most recent version.

provided alcohol to a minor who was subsequently injured when his intoxicated friend rolled the truck in which they were riding. *See Yost,* 640 P.2d at 1045–48. In its decision, the court declined to incorporate statutory dramshop provisions into the common law, noting that "at common law ... the drinking of the liquor, and not the furnishing of it, is the proximate cause of the injury." *Id.* at 1046 n. 2 (citing 45 Am.Jur.2d *Intoxicating Liquors* § 553 and cases cited therein). Notwithstanding that observation, the court affirmed the trial court's apportionment of negligence among the parties. *See id.* at 1048 n. 10.

¶ 11 Ultimately, *Yost* and *Rees* represent judicially created exceptions to the general prohibition of dramshop liability.[5] Indeed, the recent Utah Supreme Court case, *Miller v. United States,* 2004 UT 96, 104 P.3d 1202, includes the exceptions created in *Yost* and *Rees* in its exhaustive list of common-law dramshop liability exceptions.

> For example, we have permitted the allocation of a liquor provider's liability to an injured third party, contribution from a commercial provider to an intoxicated minor tortfeasor, and a claim against a commercial provider of alcohol to a minor in quantities greater than could be consumed by the minor himself when the minor's intoxicated friend injured a third party.

*Id.* at ¶ 12. Noticeably absent from this enumeration is any reference to a first-person cause of action against a dramshop.

¶ 12 As noted in *Yost,* proximate causation is the fatal flaw in a first-party action against a dramshop. *See* 640 P.2d at 1046 n. 2. The proximate cause of the intoxicated person's injuries is the drinking of the alcohol, not the furnishing of it. *See id.* Thus, Plaintiffs' claim would fail under common law for want of proximate causation.

▮ ¶ 13 Moreover, in Utah, it is well settled that no third-party cause of action against a dramshop exists at common law.

*See Miller,* 2004 UT 96 at ¶ 12, 104 P.3d 1202 (ruling that "subject to the exceptions created in our case law, Utah categorically rejects a common law right by injured third parties to maintain an action against a dramshop"); *Adkins v. Uncle Bart's, Inc.,* 2000 UT 14,- ¶ 18, 1 P.3d 528 (concluding that "a third-party cause of action against dramshops [does] not exist in this state at common law"). In light of our jurisprudence denying third parties a common-law cause of action against dramshops when injured by a dramshop patron, it would be illogical to recognize such an action by first parties who injure themselves.

¶ 14 Furthermore, the majority of jurisdictions that have addressed this issue resolved that no first-person cause of action against an alcohol provider exists at common law.[6] *See, e.g., Wright v. Moffitt,* 437 A.2d 554, 555 (Del.1981) (declining to recognize a first-party action against dramshops at common law); *Bertelmann v. Taas Assocs.,* 69 Haw. 95, 735 P.2d 930, 933 (1987) (rejecting "the contention that intoxicated liquor consumers can seek recovery from the bar or tavern which sold them alcohol"); *Jackson v. PKM Corp.,* 430 Mich. 262, 422 N.W.2d 657, 659–60 (1988) (noting that Michigan's dramshop act does not take exception with the common-law bar of first-party claims against dramshops); *Cuevas v. Royal D'Iberville Hotel,* 498 So.2d 346, 348 (Miss.1986) (determining that the legislature did not "intend[ ] to impose liability upon a dispenser of intoxicants to an adult individual ... who voluntarily consumes intoxicants and then, by reason of his inebriated condition, injures himself"); *Trujillo v. Trujillo,* 104 N.M. 379, 721 P.2d 1310, 1312 (Ct.App.1986) (acknowledging no cause of action for an intoxicated person "against the tavern keeper for injuries sustained by the patron as a result of the unlawful service or sale of alcohol"); *Sheehy v. Big Flats Cmty. Day, Inc.,* 73 N.Y.2d 629, 543 N.Y.S.2d 18, 541 N.E.2d 18, 22 (1989) (refusing "to recognize a common-law cause of action against

---

5. *Yost* and *Rees* differ from other cases and the facts of this case in that they involve retail establishments selling alcohol to minors for off-site consumption. *See Yost v. State,* 640 P.2d 1044, 1045 (Utah 1981); *Rees v. Albertson's, Inc.,* 587 P.2d 130, 131 (Utah 1978).

6. Plaintiffs concede that their position is the minority view.

providers of alcoholic beverages in favor of persons injured as a result of their own voluntary intoxication"); *Sorrells v. M.Y.B. Hospitality Ventures of Asheville*, 332 N.C. 645, 423 S.E.2d 72, 72 (1992) (barring recovery in wrongful death action against seller of alcohol by estate of decedent killed while driving intoxicated); *Smith v. 10th Inning, Inc.*, 49 Ohio St.3d 289, 551 N.E.2d 1296, 1298–99 (1990) (holding that "an intoxicated patron has no cause of action against a liquor permit holder" where the off-premises injury "was proximately caused by the patron's intoxication"); *Ohio Cas. Ins. Co. v. Todd*, 813 P.2d 508, 512 (Okla.1991) (concluding "the tavern owner has no liability to the intoxicated adult who voluntarily consumes alcoholic beverages to excess and sustains injuries as a result of his intoxication"); *Tobias v. Sports Club, Inc.*, 332 S.C. 90, 504 S.E.2d 318, 319 (1998) (holding "that South Carolina does not recognize a 'first-party' cause of action against a tavern owner by an intoxicated adult"); *Estate of Kelly v. Falin*, 127 Wash.2d 31, 896 P.2d 1245, 1248 (1995) (noting that "[t]he common law rule rejects the notion that intoxicated adults can hold commercial vendors liable for furnishing them alcohol"); *White v. HA, Inc.*, 782 P.2d 1125, 1132 (Wyo.1989) (joining the majority position "that the tavern keeper has no duty to protect the intoxicated habitue from injuries he causes to himself"). Indeed, generally,

> [t]here is no common-law cause of action for negligence in providing alcoholic beverages, whether the provider is a commercial or noncommercial supplier. In fact, there is no tort liability for the selling or giving of liquor to an able-bodied person, who thereby becomes intoxicated and in consequence of his intoxication injures the person or property of himself, since the drinking of liquor, not the furnishing of it, is the proximate cause of any subsequent injury.

45 Am.Jur.2d *Intoxicating Liquors* § 501 (1999) (footnotes omitted).[7] Accordingly, because there is no common-law first-party action against a dramshop, Plaintiffs cannot recover from Defendant based on Defendant's service of alcohol to Decedent under their common-law theory.

## II. Preemption

¶ 15 Plaintiffs argue that if a first-party common-law claim against dramshops exists, the Dramshop Act does not preempt their wrongful death action. We need not reach this issue because, as discussed in section I above, in Utah, there is no first-party cause of action against dramshops at common law to be preempted.

## III. Negligence Per Se

■ ¶ 16 Plaintiffs urge that Defendant is negligent per se for violating section 32A–12–204 of the ABCA. *See* Utah Code Ann. § 32A–12–204. Section 32A–12–204 proscribes the sale, offer to sell, or furnishing of "any alcoholic beverage or product to: (a) any person who is actually or apparently intoxicated; or (b) a person whom the person furnishing the alcoholic beverage knew or should have known from the circumstances was actually or apparently intoxicated." *Id.* § 32A–12–204(1).

¶ 17 In this instance, looking at the evidence in the light most favorable to Plaintiffs, we assume Defendant's employees knowingly sold wine to the visibly intoxicated Decedent, a class A misdemeanor, in violation of the ABCA. *See id.* § 32A–12–204(2)(b).

■ ¶ 18 Nevertheless, in Utah, "criminal culpability generally constitutes only evidence of negligence in a civil action, rather than negligence per se as a matter of law." *Dixon v. Stewart*, 658 P.2d 591, 600–01 (Utah 1982). Therefore, notwithstanding Defendant's violation of the ABCA, Plaintiffs' negligence per se argument fails because, while such a violation may be evidence of Defendant's negligent conduct, no common-law first-party negligence claim against a dramshop exists to which Plaintiffs may anchor

---

7. A minority of jurisdictions permit common-law first-party actions against dramshops either generally or under specified circumstances. *See Lyons v. Nasby*, 770 P.2d 1250, 1252 (Colo.1989); *Boehm v. Kish*, 201 Conn. 385, 517 A.2d 624, 627 (1986); *Klingerman v. SOL Corp.*, 505 A.2d 474, 478 (Me.1986); *Jevning v. Skyline Bar*, 223 Mont. 422, 726 P.2d 326, 328 (1986); *Fulmer v. Timber Inn Rest. & Lounge, Inc.*, 330 Or. 413, 9 P.3d 710, 713 (2000).

their claim, and there is no negligence per se for criminal violations.

¶ 19 Additionally, if there was negligence in this situation, it was the negligence of the Decedent. "Drunken persons who harm themselves are solely responsible for their voluntary intoxication and cannot prevail under a common law or statutory basis." *Bertelmann v. Taas Assocs.*, 69 Haw. 95, 735 P.2d 930, 933 (1987). As such, because no common-law first-party action against a dramshop exists, Plaintiffs can present no set of facts on which they could prevail on a wrongful death claim against Defendant.

## CONCLUSION

¶ 20 Plaintiff argues that Utah recognizes a common-law first-party action against dramshops for injuries suffered by the intoxicated person. However, Utah adheres to the majority position that there is no such action. To rule otherwise would be illogical vis-a-vis Utah's common-law prohibition of third-party actions against dramshops. Indeed, we will not put the cart before the ox by recognizing a first-party action where none exists for injured third parties. Furthermore, because no first-party action exists, Plaintiffs' claim cannot be preempted by the Dramshop Act. Finally, Plaintiffs' argument that Defendant is negligent per se for violating a criminal statute fails as there is no underlying cognizable claim.

¶ 21 Accordingly, we affirm the trial court's dismissal of Plaintiffs' wrongful death action.

¶ 22 WE CONCUR: RUSSELL W. BENCH, Associate Presiding Judge and JAMES Z. DAVIS, Judge.