2008 UT App 172

Kirt ASHTON, Clair Bennett, Bradley Mitchell, Todd Nielson, Brian Pratt, and Paul Radvin, Plaintiffs and Appellees,

v.

LEARNFRAME, INC.; Michael Memmott Sr.; Ralph Mason; Gary Tobian; and Lee Price, Defendants,

and

American Pension Services, INC., Appellant.

No. 20060943–CA.

Court of Appeals of Utah.

May 15, 2008.

Rehearing Denied June 24, 2008.

Timothy M. Willardson, Salt Lake City, for Appellant.

Erik A. Olson and Jason R. Hull, Salt Lake City, for Appellees.

Before GREENWOOD, P.J., BILLINGS and ORME, JJ.

## OPINION

GREENWOOD, Presiding Judge:

¶ 1 Appellant American Pension Services, Inc. (APS) appeals the trial court's writ of execution allowing for the sale of Learnframe, Inc.'s (Learnframe) property, arguing, among other things, that the trial court erred in concluding that Learnframe's transfer of property to APS was fraudulent. We dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 In October 2001, APS loaned Learnframe $1,500,000. APS filed a Uniform Commercial Code financing statement with the Utah Division of Corporations, perfecting a security interest in a $1,500,000 receivable from Learn University as collateral for the loan to Learnframe. Approximately one year later, the IRS issued a $1,767,040.68 tax lien against Learnframe, and at about the same time, Learnframe reported that its total value was $3,376,316.

¶ 3 In December 2002, Plaintiffs Kirt Ashton, Clair Bennett, Bradley Mitchell, Todd Nielsen, Brian Pratt, and Paul Radvin (the Employees) filed suit against Learnframe, seeking payment for unpaid wages and benefits. Shortly thereafter, the Employees obtained a judgment against Learnframe, which Learnframe has failed to satisfy. In an attempt to collect the judgment, the Employees instituted various supplemental proceedings, including conducting a debtor examination and subpoenaing APS, one of Learnframe's creditors. As a result of these inquiries, the Employees discovered that one month after they filed suit against Learnframe, Learnframe entered into an agreement with APS (the Agreement), whereby Learnframe purported to transfer ownership of all of its assets to APS. The Agreement provided that after Learnframe satisfied its $1,500,000 debt to APS, it could purchase all of its property back from APS for $1. The Agreement also stated that Learnframe could continue to possess and use the property it had transferred to APS if it

paid all accrued property taxes and insurance premiums and maintained the equipment in working order. In the event that Learnframe became insolvent, APS could take immediate possession of all transferred assets.

¶4 The Employees filed for a writ of execution against all personal property in Learnframe's possession, arguing that the transfer to APS was fraudulent and, therefore, did not preclude an execution sale on all of the property in Learnframe's possession. Learnframe was served with the writ of execution and, later, with notice of a sheriff's sale.[1] It objected to the sale and requested a hearing on the basis that it had "no method to pay the judgment" because it had transferred all of its assets to APS. APS also filed an Objection to Sheriff's Sale and Request for Hearing, which Learnframe joined. Steve Patrick, another Learnframe creditor, also filed objections to the sale. The court scheduled a hearing, and APS and Patrick were provided with notice. After the hearing, at which Learnframe, APS, and Patrick appeared and argued, the trial court concluded that the transfer to APS was fraudulent and, therefore, the Employees were entitled to proceed with the execution sale on the property in Learnframe's possession, with notice to purchasers of the IRS tax levy.

¶5 APS appeals, arguing that the district court improperly issued the order because (1) the applicable statute of limitations had run; (2) the district court deprived APS of its due process rights by failing to provide sufficient time and opportunity for discovery and placing the burden of proof on APS; and (3) the district court erred by making findings contrary to the evidence.

¶6 The Employees respond that this court has no jurisdiction over this appeal because APS was not a named party in the action below. Alternatively, the Employees argue that APS failed to preserve its statute of limitations argument, the trial court's conclusion is supported by clear and convincing evidence, and APS was provided with sufficient due process. Finally, the Employees assert that this court should affirm and award them their costs and attorney fees incurred on appeal.

## ISSUE AND STANDARD OF REVIEW

¶7 Whether this court has jurisdiction over APS's appeal is a question of law that we review for correctness.[2] See Code v. Utah Dep't of Health, 2007 UT 43, ¶3, 162 P.3d 1097.

## ANALYSIS

### This Court Lacks Jurisdiction over APS's Appeal

¶8 The Employees argue that this court should dismiss this appeal because APS was not a party to the action below. APS does not directly respond to this argument, but asserts that "[t]he fact that APS's participation was so restricted and belated that [the Employees] can now make this [jurisdictional] argument demonstrates that due process was not afforded below."

¶9 In a procedurally similar case, Brigham Young University v. Tremco Consultants, Inc. (Tremco I ), 2005 UT 19, 110 P.3d 678, the Utah Supreme Court ruled on a closely related jurisdictional issue. In that case, Brigham Young University (BYU) had previously obtained a judgment against Soft-Solutions, Inc. (Soft Solutions). See id. ¶8. The trial court entered a supplemental order extending liability for the SoftSolutions judgment to "the Duncan individuals and entities." Id. ¶10. The Duncan individuals appealed the supplemental order, and the supreme court declined to address their appeal on the basis that they were never named in the action below nor were they ever served

1. The parties interchangeably use the terms execution sale and sheriff's sale, and APS refers to itself as a garnishee. However, for purposes of clarity, we note that the Employees' motion for recovery was filed under rule 64E of the Utah Rules of Civil Procedure, which governs writs of execution. See Utah R. Civ. P. 64E. This rule applies when, as here, the property at issue is in the possession of the defendant. See id. R. 64E(a). Had the property at issue been in APS's possession, APS would have been a garnishee, and the Employees would have had to file an action against APS under rule 64D, governing writs of garnishment. See id. R. 64D.

2. Because our conclusion regarding jurisdiction is dispositive, we do not address the parties' remaining arguments raised on appeal.

with process. *See id.* ¶¶ 45–46. Specifically, the court stated, "Although the supplemental order ... provides that BYU's judgment against SoftSolutions may be enforced against assets of the Duncan individuals and entities, none of those individuals or entities were parties to the district court proceedings. As nonparties, they cannot appeal the supplemental order." *Id.* The court reached this holding in spite of " 'serious concerns' over whether the ... supplemental order that authorized BYU to execute against the property of Duncan et al. satisfied the requirements of due process of law." *Brigham Young Univ. v. Tremco Consultants, Inc. (Tremco II )*, 2007 UT 17, ¶ 27, 156 P.3d 782 (quoting *Tremco I,* 2005 UT 19, ¶ 45, 110 P.3d 678).

¶ 10 We reach the same conclusion in this case. Notwithstanding any concerns about the due process afforded to APS, it was never named as a party. Thus, we have no jurisdiction over APS's appeal. We note, however, that APS was not entirely without a remedy because it could have filed a motion to intervene or a petition for an extraordinary writ. *See Tremco I,* 2005 UT 19, ¶ 46 n. 7, 110 P.3d 678; *see also Tremco II,* 2007 UT 17, ¶¶ 27–47, 156 P.3d 782 (addressing the Duncan individuals' claim because it was properly before the court on appeal from a final order denying their motion to intervene).

¶ 11 Under rule 24 of the Utah Rules of Civil Procedure,

> [u]pon timely application anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Utah R. Civ. P. 24(a). Similarly, under rule 65B,

> [w]here no other plain, speedy and adequate remedy is available, a person may petition the court for extraordinary relief

on any of the grounds set forth in paragraph (b) (involving wrongful restraint on personal liberty), paragraph (c) (involving the wrongful use of public or corporate authority) or paragraph (d) (involving the wrongful use of judicial authority, the failure to exercise such authority, and actions by the Board of Pardons and Parole).

*Id.* R. 65B(a).

¶ 12 Relying on these two rules, in *Tremco I,* the supreme court explained that the Duncan individuals had two options to establish jurisdiction in an appellate court: They could have filed a motion to intervene, the denial of which is an appealable order, or they could have filed an extraordinary writ, challenging the substance of the supplemental order. *See* 2005 UT 19, ¶ 46 n. 7, 110 P.3d 678. Based on the similar procedural stance, we conclude that APS had the same options to establish jurisdiction, yet failed to exercise either one. Thus, we have no authority over APS's appeal and can only dismiss the action for lack of jurisdiction. *See id.* ¶ 46 ("Where an appeal is not properly taken, this court lacks jurisdiction and we must dismiss." (internal quotation marks omitted)); *Varian–Eimac, Inc. v. Lamoreaux,* 767 P.2d 569, 570 (Utah Ct.App.1989) ("When a matter is outside the court's jurisdiction, it retains only the authority to dismiss the action.").[3]

## CONCLUSION

¶ 13 APS challenges the propriety of the trial court's writ of execution on Learnframe's property. However, because APS was not named as a party to the action below, we lack jurisdiction over this appeal and must dismiss it.

¶ 14 WE CONCUR: JUDITH M. BILLINGS, Judge and GREGORY K. ORME, Judge.

---

3. Because we lack jurisdiction, we may not address the Employees' request for attorney fees on     appeal.