2010 UT App 170

Susan I. MOSS and Jamal S. Yanaki,
Plaintiffs and Appellants,

v.

PARR WADDOUPS BROWN GEE &
LOVELESS, Clark Waddoups, Jonathan
O. Hafen, Justin P. Matkin, and John
Does I–XX, Defendants and Appellees.

No. 20090158–CA.

Court of Appeals of Utah.

June 24, 2010.

David W. Scofield and Thomas W. Peters,
Salt Lake City, for Appellants.

Alan L. Sullivan, James D. Gardner, and J.
Elizabeth Haws, Salt Lake City, for Appellees.

Before Judges DAVIS, ORME, and
THORNE.

## OPINION

THORNE, Judge:

¶1 Plaintiffs Susan I. Moss and Jamal S.
Yanaki (collectively, Plaintiffs) appeal the
district court's ruling granting Defendants
Parr Waddoups Brown Gee & Loveless
(Parr); Clark Waddoups; Jonathan O. Haf-

en; and Justin P. Matkin's motion for judgment on the pleadings as to counts two through seven of the first amended complaint and judgment. We affirm.

## BACKGROUND

¶2 On April 9, 2002, Iomed, Inc. filed a complaint against its former employee, Yanaki, alleging that Yanaki had misappropriated proprietary information (Iomed case). Iomed was represented by Parr, which obtained two ex parte discovery orders that directed the Salt Lake County Sheriff's Office, with the assistance of Iomed, to take custody of certain electronically stored data and other records maintained at Plaintiffs' home office. The discovery orders authorized Iomed to copy the files and return the copies to Yanaki and to file the originals with the district court under seal. The discovery orders also allowed Yanaki's counsel to review the electronic files and make objections before they would be made available to Iomed's counsel.

¶3 On April 15, 2002, Matkin, an attorney with Parr, and a Salt Lake County deputy sheriff went to Plaintiffs' home. Moss answered the door. The deputy handed Moss a summons, a complaint, and a copy of the discovery order authorizing the seizure of documents relating to Iomed's claim of misappropriation against Yanaki. Yanaki was out of town at the time, and Moss declined to allow Matkin and the deputy into the home. Matkin told Moss he intended to obtain a further court order and left. The deputy remained at Plaintiffs' home while Matkin obtained a second order which authorized use of reasonable force to enter the house and seize the relevant records. Matkin then returned with a supplemental order and Moss allowed Matkin, the deputy, and others into the home to execute the discovery order. Subsequently, Yanaki's computer hard drive and additional documents were deposited with the district court.[1]

¶4 In 2003, while the Iomed case was pending, Plaintiffs filed a lawsuit against Parr and others in the United States District Court for the District of Utah alleging civil

rights violations arising from the seizure of evidence pursuant to the district court's discovery orders. In 2004, the federal court dismissed the case ruling that it did not find a section 1983 violation, *see* 42 U.S.C. § 1983 (2000), because the actions of the private defendants did not amount to state action as is required to sustain a federal civil rights claim.

¶5 In December 2005, Plaintiffs filed an amended complaint in the present suit against Defendants, alleging claims for (1) breach of settlement agreement, (2) abuse of process, (3) invasion of privacy, (4) intentional infliction of emotional distress, (5) trespass to land and chattels, (6) conversion, and (7) civil conspiracy. After filing an answer, Defendants filed a motion for judgment on the pleadings as to counts two through seven pursuant to Utah Rules of Civil Procedure 12(c). The district court heard argument on Defendants' motion. The district court granted Defendants' motion to dismiss counts two through seven of the amended complaint ruling that Defendants were operating within the framework of the doctrine of judicial privilege and that Plaintiffs were collaterally estopped from pursuing their claims. Defendants then filed a motion for summary judgment as to count one, which the district court denied. Following an interlocutory appeal, this court reversed the denial of that partial summary judgment and remanded the case for entry of partial summary judgment in favor of Defendants, *see* *Moss v. Parr Waddoups Brown Gee & Loveless*, 2008 UT App 405, ¶1, 197 P.3d 659. On remand, the district court entered partial summary judgment on count one of the amended complaint. Plaintiffs now appeal from the district court's ruling dismissing counts two through seven of the amended complaint.

## ISSUE AND STANDARD OF REVIEW

¶6 Plaintiffs argue that the district court erred by granting Defendants' motion for judgment on the pleadings. "When reviewing a grant of a motion for judgment on the pleadings, this court accepts the factual

1. The parties settled the Iomed case in 2005.

allegations in the complaint as true; we then consider such allegations and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff." *Intermountain Sports, Inc. v. Department of Transp.*, 2004 UT App 405, ¶ 7, 103 P.3d 716 (internal quotation marks omitted).

## ANALYSIS

¶ 7 Plaintiffs argue that the district court's judicial privilege rulings, and other merit-based rulings, used to dismiss the tort claims raised in the amended complaint were improper in the face of Plaintiffs' allegations of Defendants' improper motive in obtaining the two discovery orders and then illegally searching Plaintiffs' home and removing Plaintiffs' property. Plaintiffs asserted in their amended complaint that Defendants' search of the home and seizure of property were illegal acts performed in the course of litigation in the prior Iomed case against Yanaki, constituting actionable tort claims for abuse of process, invasion of privacy, intentional infliction of emotional distress, trespass to land and chattels, conversion, and civil conspiracy.

■ ¶ 8 Plaintiffs' tort claims are each based on the assertion that Defendants' search of the home was illegal. The search was conducted pursuant to two presumably valid, court-issued discovery orders entered in the Iomed case. *See generally* 56 Am. Jur. 2d *Motions, Rules, and Orders* § 59 (2000) ("All court orders are presumed valid and will stand until corrected on review or set aside."). As such, Plaintiffs cannot fault Defendants for acting in compliance with the court orders. *See generally In re J.N.*, 960 P.2d 403, 410 (Utah Ct.App.1998) (holding that the juvenile court erred as a matter of law when it faulted the state for terminating reunification services after the court had specifically ordered that those services be terminated); *cf. Carter v. Mitchell*, 225 Ala. 287, 142 So. 514, 517 (1932) (finding that a receiver, acting as a representative of the court, is protected in carrying out instructions by virtue of a valid, though erroneous, order, and that the court order under which the receiver acts is a complete defense to personal liability in any action or proceeding); *White v.*

*Camden County Sheriff's Dep't*, 106 S.W.3d 626, 633 (Mo.Ct.App.2003) (stating that "[c]onduct which is intimately associated with the judicial phase of the judicial process is protected by absolute judicial immunity" and finding that an officer is entitled to official judicial immunity for actions pursuant to a facially valid court order (internal quotation marks omitted)). Indeed, "disobedience of any lawful judgment, order or process of the court" constitutes contempt. *See* Utah Code Ann. § 78B–6–301(5) (2008).

■ ¶ 9 Because each of Plaintiffs' tort claims depends upon a determination that the discovery orders were illegal, Plaintiffs' claims cannot survive without a determination that the discovery orders were illegal. Plaintiffs did not, however, challenge the discovery orders in the proceeding in which the orders were issued. "With rare exception, when a court with proper jurisdiction enters a final judgment, . . . that judgment can only be attacked on direct appeal." *State v. Hamilton*, 2003 UT 22, ¶ 25, 70 P.3d 111. " 'The general rule of law is that a judgment may not be drawn in question in a collateral proceeding and an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of a claim in a subsequent proceeding.' " *Tolle v. Fenley*, 2006 UT App 78, ¶ 15, 132 P.3d 63 (quoting *Olsen v. Board of Educ.*, 571 P.2d 1336, 1338 (Utah 1977)); *see also Olsen*, 571 P.2d at 1338 (noting that a collateral attack has been defined as follows: " 'Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or revised or modified or by a proceeding in equity to prevent its enforcement, the attack is a "Collateral Attack." ' " (quoting Restatement of Judgments § 11 cmt. a (1942))).

¶ 10 Any claimed error regarding the discovery orders at issue in this case could have been challenged or dealt with in the proceeding in which they were sought and obtained. Yanaki did not challenge or object to the illegality of the discovery orders in the Iomed case. Plaintiffs' tort claims in the instant case are all based on the invalidity of the two discovery orders issued in that case. As such, each claim represents a collateral challenge to the discovery orders. Under

the circumstances, Yanaki cannot now collaterally attack the legality of the discovery orders because he failed to use any of the available legal avenues for challenging the orders at the time they were issued or executed in the Iomed case. *See generally Hamilton*, 2003 UT 22, ¶¶ 25, 31, 70 P.3d 111 (applying the rationale disfavoring collateral attacks to preclude a defendant from collaterally attacking the validity of a tax deed); *Collins v. Sandy City Bd. of Adjustment*, 2002 UT 77, ¶ 19, 52 P.3d 1267 (holding that the plaintiffs forfeited their right to attack a decision on direct appeal because they could have, but elected not to, challenge the decision rendered in the previous case); *Career Serv. Review Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 946 (Utah 1997) (declining to consider a collateral attack of the justice or equity of orders for which no review was sought by the defendants).

■ ¶ 11 Although Moss was not a party to the Iomed case, she is similarly precluded from collaterally attacking the validity of the discovery orders. We recognize that Moss, as a nonparty to the Iomed case, would have had difficulty challenging the discovery orders in the previous case. *See Brigham Young Univ. v. Tremco Consultants, Inc.*, 2007 UT 17, ¶¶ 27–47, 156 P.3d 782; *see also Ashton v. Learnframe, Inc.*, 2008 UT App 172, ¶¶ 9–10, 185 P.3d 1135 (noting and agreeing with the trial court that "nonparties ... cannot appeal the supplemental order"). Nonetheless, Moss, who claims to have been affected by the search pursuant to the allegedly illegal discovery orders, could have attacked the validity of the orders by filing a motion to intervene or a petition for an extraordinary writ. *See Ashton*, 2008 UT App 172, ¶ 12, 185 P.3d 1135 (determining that nonparties have two options: (1) file a motion to intervene or (2) file an extraordinary writ); *Tremco*, 2007 UT 17, ¶ 46 n. 7, 156 P.3d 782

(same). Moss, like Yanaki, failed to use any of the available legal avenues for challenging the orders in the Iomed case, and as such she cannot now collaterally attack the legality of the discovery orders.

¶ 12 Because we determine that Plaintiffs cannot now collaterally attack the legality of the discovery orders, we affirm the district court's ruling dismissing Plaintiffs' tort claims.[2] Our holding is dispositive of this appeal; therefore, we do not reach any of Plaintiffs' other issues.

## CONCLUSION

¶ 13 Plaintiffs in the instant case assert that Defendants' search of their home and seizure of property were illegal acts, which constitute the actionable tort claims raised in their amended complaint. Defendants' actions were taken in compliance with two discovery orders obtained in the Iomed case. Each of Plaintiffs' causes of action depends upon a determination that the discovery orders were illegal. Plaintiffs did not challenge or object to the illegality of the discovery orders in the Iomed case.

¶ 14 "The general rule of law is that a judgment may not be drawn in question in a collateral proceeding and an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of a claim in a subsequent proceeding." *Olsen v. Board of Educ.*, 571 P.2d 1336, 1338 (Utah 1977). Plaintiffs' attack on the discovery orders issued in the Iomed case are being used as the basis of their tort claims in this case. As such, Plaintiffs' challenge to the discovery orders is regarded as a collateral attack. Because Plaintiffs failed to use any of the available legal avenues for properly challenging the discovery orders in the Iomed case, they are precluded from collaterally attack-

---

2. The district court applied the res judicata principal of collateral estoppel and similarly determined that Yanaki and Moss were precluded from challenging the discovery orders. The district court ruled,

> Plaintiff, Yanaki, should have objected to the supposed illegality of the discovery order in the initial Iomed case wherein he was sued. He never pressed an objection to that order. He settled the case so there was no appeal. It is,

therefore, presumed that the discovery order was valid. Yanaki took an active part in that case. He raised thirty-one defenses and included three counts in his counterclaim none of which dealt with the discovery order. He had an obligation to challenge the order if he felt it was illegal or even improperly issued, especially since Iomed's case depended upon it. The Plaintiffs are collaterally estopped from pursuing this claim.

ing the validity of those orders. As a result, the discovery orders are presumed valid and we affirm the district court's ruling dismissing Plaintiffs' tort claims.

¶ 15 Affirmed.

¶ 16 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and GREGORY K. ORME, Judge.