IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Vilma Estrada, Lidia Hernandez Arellano, Victor Bravo, Jose Lopez, Hilda Hernandez, and Leila Stowell, | ) ) ) ) | MEMORANDUM DECISION |
| | ) | Case No. 20100418-CA |
| Plaintiffs and Appellants, | ) ) | |
| | ) | F I L E D |
| v. | ) | (March 22, 2012) |
| | ) | |
| Robin Mendoza, Fred W. Almanza, Feria Access LLC, Southern Management Professional Limited Liability Company, and Does 1–50, | ) ) ) ) ) | 2012 UT App 82 |
| Defendants and Appellees. | ) | |

-----

Fourth District, Provo Department, 090402579
The Honorable Claudia Laycock

Attorneys:     Brian W. Steffensen, Salt Lake City, for Appellant
               Jamis M. Gardner, Provo, for Appellee

-----

Before Judges Voros, Thorne, and Roth.

VOROS, Associate Presiding Judge:

¶1     This appeal originated as six separate actions.[1]  Plaintiffs appeal a judgment on the pleadings in favor of Robin Mendoza, Fred W. Almanza, Feria Access LLC, and Southern Management Professional LLC (collectively, Defendants).  We affirm in part, reverse in part, and remand for further proceedings.[2]

---

1. Six borrowers filed separate but identical lawsuits in Salt Lake County.  The suits were transferred to Utah County and consolidated into a single action.

2. Pursuant to rule 37(a) of the Utah Rules of Appellate Procedure, Defendants filed a suggestion of mootness indicating that bankruptcy filings had rendered the appeal

(continued...)

¶2      "The grant of a motion for judgment on the pleadings is reviewed under the same standard as the grant of a motion to dismiss, i.e., we affirm the grant of such a motion only if, as a matter of law, the plaintiff could not recover under the facts alleged." *Miller v. Gastronomy, Inc.*, 2005 UT App 80, ¶ 6, 110 P.3d 144 (citation and internal quotation marks omitted). When "reviewing a motion for judgment on the pleadings, this court accepts the factual allegations in the complaint as true; we then consider such allegations and all reasonable inferences drawn therefrom in a light most favorable to the plaintiff." *Id.* ¶ 1 n.1 (citation and internal quotation marks omitted).

¶3      Plaintiffs are borrowers on payday loans gone awry.[3] Defendant Mendoza owned and operated Feria Access, a payday lender with an office in Salt Lake City. Plaintiffs obtained, then defaulted on, payday loans from Feria Access's Salt Lake City office. Defendants sued Plaintiffs in small claims court in Utah County. Plaintiffs allege that Defendants sued in Utah County with the "hope that [Plaintiffs] and others similarly situated might be unable to appear in Utah County and thus be defaulted." Plaintiffs did fail to appear, and Defendants were indeed awarded default judgments. Defendants obtained writs of garnishment in amounts that Plaintiffs allege were inflated. Plaintiffs neither appealed nor resorted to remedies available to them under

---

2. (...continued)
moot as to Mendoza and Feria Access. *See* Utah R. App. P. 37(a); *Salt Lake County v. Holliday Water Co.*, 2010 UT 45, ¶ 15, 234 P.3d 1105 ("An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." (citation and internal quotation marks omitted)). Plaintiffs did not object or present counterargument in writing or at oral argument. Accordingly, we dismiss the appeal as to Mendoza and Feria Access.

3. "Payday loans are small-dollar, short-term, unsecured loans that borrowers promise to repay out of their next paycheck or regular income payment. . . . Because these loans have such short terms to maturity, the cost of borrowing, expressed as an annual percentage rate, can range from 300 percent to 1,000 percent, or more." Federal Deposit Insurance Corporation, *Payday Lending*, http://www.fdic.gov/bank/analytical/fyi/2003/012903fyi.html (last visited Mar. 19, 2012). "While payday lending was virtually nonexistent in 1985, by 2002 it exploded into an industry with over twenty-five thousand retail outlets nationwide, more than McDonald's, Burger King, Sears, J.C. Penney, and Target stores combined." Christopher L. Peterson, *Usury Law, Payday Loans, and Statutory Sleight of Hand: Salience Distortion in American Credit Pricing Limits*, 92 Minn. L. Rev. 1110, 1111 (2008).

rule 64D of the Utah Rules of Civil Procedure, which provides a process to object to inaccurate garnishments. Instead, Plaintiffs filed independent actions in district court.

¶4     Plaintiffs' complaint alleges three causes of action: civil conspiracy, violation of the Utah Consumer Sales Practices Act (the UCSPA), and violation of the Fair Credit Reporting Act. In granting Defendants' motion for judgment on the pleadings, the trial court ruled that Plaintiffs should have availed themselves of the remedies that the Utah Rules of Small Claims Procedure provide; that Plaintiffs waived any causes of action based on the inflated garnishments for failure to seek relief under rule 64D in small claims court; and that Plaintiffs' complaint failed to adequately state claims for civil conspiracy, violation of the UCSPA, and violation of the Fair Credit Reporting Act. Plaintiffs raise multiple claims of error on appeal.

1. Utah Consumer Sales Practices Act

¶5     The gravamen of Plaintiffs' case is that the Defendants violated the UCSPA, *see* Utah Code Ann. §§ 13-11-1 to -23 (2009). The UCSPA creates a cause of action against a "seller" who commits either a "deceptive" or an "unconscionable" "act or practice . . . in connection with a consumer transaction . . . whether it occurs before, during, or after the transaction." *Id.* §§ 13-11-4(1), -5(1). To that end, the UCSPA "shall be construed liberally" to, among other things, "protect consumers from suppliers who commit deceptive and unconscionable sales practices." *Id.* § 13-11-2(2).

¶6     Plaintiffs allege that Defendants engaged in deceptive and unconscionable conduct by obtaining garnishments for more money than they were legally owed. The trial court ruled that Plaintiffs waived any claim arising out of inflated garnishment amounts by bypassing remedies available to them in small claims court under rule 64D of the Utah Rules of Civil Procedure. Rule 64D(h) provides a process by which a judgment debtor can challenge a writ of garnishment. *See* Utah R. Civ. P. 64D(h). Rule 64D applies to the collection of small claims judgments. *See* Utah R. Small Claims P. 11(a) ("Judgments may be collected under the Utah Rules of Civil Procedure."). Plaintiffs argue that their failure to challenge the allegedly flawed garnishments in the underlying small claims action does not preclude them from bringing a new action based on those flaws.

¶7     "'With rare exception, when a court with proper jurisdiction enters a final judgment, . . . that judgment can only be attacked on direct appeal.'" *Moss v. Parr Waddoups Brown Gee & Loveless*, 2010 UT App 170, ¶ 9, 237 P.3d 899 (omission in original) (quoting *State v. Hamilton*, 2003 UT 22, ¶ 25, 70 P.3d 111), *cert. granted*, 245 P.3d

757 (Utah 2010).[4] "'"The general rule . . . is that a judgment may not be drawn in question in a collateral proceeding and an attack upon a judgment is regarded as collateral if made when the judgment is offered as the basis of a claim in a subsequent proceeding."'" *Id*. (quoting *Tolle v. Fenley*, 2006 UT App 78, ¶ 15, 132 P.3d 63 (quoting *Olsen v. Board of Educ.*, 571 P.2d 1336, 1338 (Utah 1977))). "'"Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or revised or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'Collateral Attack.'"'" *Id*. (quoting *Olsen*, 571 P.2d at 1338 (quoting Restatement of Judgments § 11 cmt. a (1942))).[5]

¶8      Thus, Plaintiffs here are precluded from collaterally attacking the validity of the small claims court writs because they "failed to use any of the available legal avenues for challenging [them] at the time they were issued or executed." *See id.* ¶ 10. However, Plaintiffs contend that their UCSPA claim does not constitute a collateral attack on those writs, because they "are not seeking to have the Writ[s] withdrawn" or "to have the garnishments released." Rather, they rely on Defendants' conduct in obtaining the writs as deceptive or unconscionable practices under the UCSPA and the common law of civil conspiracy.

---

4. "The fact that certiorari was granted . . . does not deprive [the opinion] of precedential value for us." *United States ex rel. Daneff v. Henderson*, 501 F.2d 1180, 1181 (2d Cir. 1974) (citation omitted); *cf. Clinton v. Jones*, 520 U.S. 681, 689 (1997) ("[O]ur decision to grant the petition [for certiorari] expressed no judgment concerning the merits of the case . . . ." (citation omitted)).

5. It is unclear whether the plaintiffs in *Moss v. Parr Waddoups Brown Gee & Loveless*, 2010 UT App 170, 237 P.3d 899, *cert. granted*, 245 P.3d 757 (Utah 2010), alleged fraud on the court under rule 60(b) of the Utah Rules of Civil Procedure. Plaintiffs here did. After describing various means of challenging a final judgment in the trial court, rule 60(b) states, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or to set aside a judgment for fraud upon the court." Utah R. Civ. P. 60(b). However, Plaintiffs' brief never mentions rule 60(b) and cites no cases involving fraud on the court. Accordingly, any rule 60(b) claim is either abandoned on appeal or inadequately briefed. *See* Utah R. App. P. 24(a)(9) (stating that an adequately briefed argument "contain[s] the contentions and reasons of the appellant with respect to the issues presented, including the grounds for reviewing any issue not preserved in the trial court, with citations to the authorities, statutes, and parts of the record relied on").

¶9     We agree with Plaintiffs on this point.  In pleading their UCSPA claim, Plaintiffs allege that Defendants' acts in obtaining writs in the small claims court were "deceptive" or "unconscionable."  *See* Utah Code Ann. §§ 13-11-4(1), -5(1).  Hence their UCSPA claim does not "depend[] upon a determination that the [writs] were illegal." *See Moss*, 2010 UT App 170, ¶ 9.  The small claims court judgments are thus not "draw[n] in[to] question" by this claim.  *See id.* (citation and internal quotation marks omitted). Nor do Plaintiffs seek to have those judgments "vacated or revised or modified," or "to prevent [their] enforcement."  *See id*. (citation and internal quotation marks omitted). Therefore, Plaintiffs' UCSPA claim is not a collateral attack on the small claims judgments and is thus not waived by Plaintiffs' failure to challenge the writs in the small claims proceedings.

¶10    In dismissing Plaintiffs' claim under the UCSPA, the trial court also perfunctorily stated that the acts alleged by Plaintiffs are not deceptive or unconscionable acts or practices under the UCSPA.  We do not read this as a ruling on the merits of Plaintiffs' UCSPA claims.  The UCSPA establishes a policy of giving plaintiffs a reasonable opportunity to prove unconscionability:  "If it is claimed or appears to the court that an act or practice may be unconscionable, the parties shall be given a reasonable opportunity to present evidence as to its setting, purpose, and effect to aid the court in making its determination."  Utah Code Ann. § 13-11-5(2).  In light of this policy—and in light of the absence of any discussion of the requirements of the UCSPA and whether the alleged acts met those requirements—we read the trial court's statements as a conclusion that the Plaintiffs' allegations constituted a collateral attack on the writs rather than a ruling on the merits of an UCSPA claim at the pleadings stage.[6]

¶11    We accordingly reverse the trial court's ruling that Plaintiffs' failure to challenge the writs in the small claims action bars their claim under the UCSPA and remand for further proceedings on this claim.[7]

---

6. Given our resolution of the issue, we need not address Plaintiffs' argument that they were denied due process due to their inability to address the merits of their UCSPA claim below.  Nor do we address either party's arguments on appeal relating to the merits of Plaintiffs' UCSPA claim.

7. A deceptive or unconscionable act or practice by a supplier in connection with a consumer transaction violates the UCSPA "whether it occurs before, during, or after the transaction."  Utah Code Ann. §§ 13-11-4(1), -5(1) (2009).  We express no opinion as to

(continued...)

## 2. Civil Conspiracy

¶12     Next, Plaintiffs contend that the trial court erred in ruling that their complaint failed to adequately plead a cause of action for civil conspiracy.

¶13     To establish a claim of civil conspiracy, five elements must be shown: "'(1) a combination of two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful, overt acts, and (5) damages as a proximate result thereof.'" *Peterson v. Delta Air Lines, Inc.*, 2002 UT App 56, ¶ 12, 42 P.3d 1253 (quoting *Alta Indus. v. Hurst*, 846 P.2d 1282, 1290 n.7 (Utah 1993)). "The claim of civil conspiracy 'require[s], as one of [its] essential elements, an underlying tort.'" *Puttuck v. Gendron*, 2008 UT App 362, ¶ 21, 199 P.3d 971 (alteration in original) (quoting *Coroles v. Sabey*, 2003 UT App 339, ¶ 36, 79 P.3d 974). "Thus, in order to 'sufficiently plead' a claim for civil conspiracy, a plaintiff is 'obligated to adequately plead the existence of such a tort.'" *Id.* (quoting *Coroles*, 2003 UT App 339, ¶ 36). "Where plaintiffs have 'not adequately pleaded *any* of the basic torts they allege . . . dismissal of their civil conspiracy claim' is appropriate." *Id.* (omission in original) (quoting *Coroles*, 2003 UT App 339, ¶ 38); *see also* 16 Am. Jur. 2d *Conspiracy* § 50 (2009) ("[I]f the acts alleged to constitute the underlying wrong provide no cause of action, then neither is there a cause of action for the conspiracy itself.").

¶14     To satisfy the fourth element, Plaintiffs rely on the following six underlying torts: (a) fraud on the court in obtaining writs of execution and/or garnishment, (b) fraud on Plaintiffs based on inflated amounts of the writs of execution and/or garnishment, (c) violation of the UCSPA, (d) violation of the Fair Debt Collection Practices Act, (e) violation of the Fair Credit Reporting Act, and (f) defamation by reporting false credit information.

¶15     The first two underlying torts named above rely on the issuance of post-judgment writs in the small claims cases to satisfy the requirement of an unlawful act. Thus, unlike the UCSPA claim, this cause of action does "depend[] upon a determination that the . . . orders were illegal," *Moss v. Parr Waddoups Brown Gee & Loveless*, 2010 UT App 170, ¶ 9, 237 P.3d 899 (omission in original), *cert. granted*, 245 P.3d 757 (Utah 2010).  It is thus barred as a collateral attack on a final judgment.  We

---

7. (...continued)
whether an act occurring in the course of litigation arising from a consumer transaction falls within this definition.

therefore do not disturb the trial court's dismissal of Plaintiffs' conspiracy claim insofar as it is based on fraud.[8]

¶16 The third underlying tort named above is violation of the UCSPA. As explained above, Plaintiffs' UCSPA claim is not barred as a collateral attack on a prior judgment, because it does not depend on the small claims court writs being unlawful—it is sufficient that they were deceptive or unconscionable. *See supra* ¶¶ 8–10. We therefore reverse the trial court's dismissal of Plaintiffs' civil conspiracy claim insofar as it is based on a violation of the UCSPA. To the extent Plaintiffs are able to maintain their UCSPA claim, that claim is eligible to serve as a predicate act for their civil conspiracy claim.

¶17 The trial court also ruled that Plaintiffs had conceded that they do not have a cause of action under the Fair Credit Reporting Act or for defamation. Our review of the record suggests that the trial court was correct on this point. Furthermore, Plaintiffs' brief on appeal does not challenge the ruling. In addition, Plaintiffs concede that they do not have an independent cause of action under the Fair Debt Collection Practices Act. Nevertheless, Plaintiffs take the position that a wrongful act may serve as the underlying tort for purposes of a conspiracy claim even if they have no independent cause of action based on that wrongful act. Plaintiffs cite no authority in support of this theory, nor do they attempt to distinguish apparently contrary authority. For example, this court has cited authority stating that if "'the acts alleged to constitute the underlying wrong provide no cause of action, then neither is there a cause of action for

---

8. We also agree with the trial court that Plaintiffs failed to adequately plead the underlying tort of fraud. Rule 9(b) of the Utah Rules of Civil Procedure specifies that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The tort of fraud includes nine elements. *See Armed Forces Ins. Exch. v. Harrison*, 2003 UT 14, ¶ 16, 70 P.3d 35 (listing the elements). However, mere recitation of those elements, or conclusory allegations unsupported by allegations of relevant surrounding facts, does not satisfy rule 9(b)'s particularity standard. *Id*. Here, Plaintiffs alleged only that "the defendants have requested and obtained through fraud upon the Court writs of execution and/or writs of garnishment against the Plaintiff(s) which included unjustified and deliberately inflated 'costs' or 'judgment' amounts, and the like." We thus agree with the trial court that, insofar as the Plaintiffs' civil conspiracy claim rests on the underlying tort of fraud, it fails to adequately allege the elements of civil conspiracy and was properly dismissed on that ground.

the conspiracy itself.'" *Puttuck*, 2008 UT App 362, ¶ 21 (quoting 16 Am. Jur. 2d *Conspiracy* § 50 (1998)). Plaintiffs' absence of briefing on this point suggests that they may have abandoned it. In any event, we will not reverse on the basis of an unbriefed argument. *See* Utah R. App. P. 24(a)(9); *State v. Green*, 2004 UT 76, ¶ 13, 99 P.3d 820 ("[T]his court is not a depository in which the appealing party may dump the burden of argument and research." (citation and internal quotation marks omitted)).

¶18 In sum, insofar as Plaintiffs' claim for civil conspiracy rests on an allegation that Defendants violated the UCSPA, we reverse the trial court's dismissal and remand for further proceedings. Insofar as the civil conspiracy claim rests on other grounds, we affirm the trial court's dismissal.

3. Dismissal Without Leave to Amend

¶19 Finally, Plaintiffs contend that the trial court erred by dismissing their complaint without granting leave to amend. "We review a district court's denial of leave to amend for an abuse of discretion." *Hudgens v. Prosper, Inc.*, 2010 UT 68, ¶ 15, 243 P.3d 1275.

¶20 After a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Utah R. Civ. P. 15(a). "To properly move for leave to amend a complaint, a litigant must file a motion that 'shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.'" *Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 57, 48 P.3d 895 (quoting Utah R. Civ. P. 7(b)(1)). "Further, a motion for leave to amend must be accompanied by a memorandum of points and authorities in support, and by a proposed amended complaint." *Id.* (citing Utah R. Jud. Admin. 4-501(1)(A) (repealed 2003); *Behrens v. Raleigh Hills Hosp., Inc.*, 675 P.2d 1179, 1182 (Utah 1983); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999)); *accord Puttuck v. Gendron*, 2008 UT App 362, ¶ 23, 199 P.3d 971.

¶21 Plaintiffs here complied with none of these requirements. In addition, their argument on appeal is scant, consisting of two sentences. They cite two cases without analysis, one of which involves a litigant who, unlike Plaintiffs here, filed a written motion to amend accompanied by a proposed amended complaint and, apparently, a memorandum. *See Hudgens*, 2010 UT 68, ¶ 10. We see no abuse of discretion by the trial court on this point.

¶22    The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

_____
J. Frederic Voros Jr.,
Associate Presiding Judge

-----

¶23    WE CONCUR:

_____
William A. Thorne Jr., Judge

_____
Stephen L. Roth, Judge